## CHASE vs. DEARBORN and others.

| 23 | 443 |
|----|-----|
| 93 | 8 |

*Appeal bond in unlawful detainer—Extent of obligation.*

The appeal bond given under sec. 17, ch. 151, R. S., in an action of unlawful detainer, does not cover the treble damages which plaintiff may recover under section 14.

APPEAL from the Circuit Court for *Rock* County.

*H. A. Patterson*, for appellants.

*Isaac Rogers, J. B. Cassoday* and *Willard Merrill*, for respondent.

COLE, J.   This action was brought upon an appeal bond, executed by the defendant *Dearborn* as principal, and by the other defendants as his sureties.   The bond was given upon an appeal in an action of unlawful detainer, under section 17, chap. 151, R. S.   The jury assessed the actual single damages which the plaintiff had sustained, at $155.   Upon motion of the plaintiff's counsel, the single damages found by the jury were trebled by the court, and judgment was given against the principal and

sureties in the bond for the amount of $465 damages, and costs of suit.    The question is, Does the bond cover treble damages?

The bond conforms strictly to the requirements of section 17 above referred to, and is " conditioned to pay all costs of such appeal, and abide by the order the court may make therein, and pay all rent and other damages justly accruing to the plaintiff during the pendency of such appeal."    It will be seen that this bond, by its terms, renders the parties liable to pay all costs of the appeal, and obligates them to abide the order the court may make in the action, and further makes them liable to pay all rent and other damages justly accruing to the plaintiff during the pendency of the appeal.    There is, however, nothing in the language of the bond which renders the parties executing it responsible for treble damages, unless it be included in the words " and other damages justly accruing to the plaintiff." Now the argument is, because, by a previous section (14), it is enacted that the plaintiff shall be entitled to an action against the person complained of who shall be found guilty on the trial, and may recover treble damages from the time notice was given to quit the premises, that the words " other damages " were intended to include the treble damages given by this provision, as well as all other damages whatsoever.    But it appears to us that this is a forced construction of the language used in the condition of the bond.    That includes in terms " all costs of such appeal," " all rent, and other damages justly accruing to the plaintiff during the pendency of such appeal;" that is, the actual damage which the plaintiff may sustain by reason of the withholding of the possession, and by reason of any injury done to the premises in the meantime.    The statute, in accordance with the general policy of the law, gives the defendant the right of appeal, but provides that he shall have the appeal only upon condition that he secures to the plaintiff the payment of " all costs," and " all rent," and all other damage and loss which the plaintiff may sustain by reason of any injury

done to the premises during the pendency of the appeal. But we do not think it was intended, in addition to this, that he should give a bond for the payment of treble damages; or that the sureties are liable for them. The provision giving the plaintiff treble damages "against the person complained of, and who shall be found guilty on the trial," is penal in its nature, and must be strictly construed. The language of the bond does not, by any just and fair implication, include treble damages, and the obligors ought not to be held liable upon it for damages of that character.

It follows from these views, that the judgment of the circuit court must be reversed, and the cause remanded with directions to render judgment for the amount of damages assessed by the jury.

*By the Court.*—Ordered accordingly.