SUPERVISORS OF WASHINGTON COUNTY vs. LUCAS and others.

*Practice — Return to writ of error.*

1. A cause cannot be noticed for argument in this court before the record is on file here.
2. The return to a writ of error should contain not the original papers constituting the judgment record, but *certified copies* thereof; and where the original papers are sent, they will be returned, on motion of the defendant in error, and the cause, if noticed for trial by the plaintiff in error, and placed upon the calendar, will be stricken therefrom.

ERROR to the Circuit Court for *Fond du Lac* County.

Defendants in error, who were defendants below, moved to strike the cause from the calendar on the grounds set forth in the opinion.

*Frisby & Weil,* for the motion.

*Coleman & Thorp* and *Geo. H. Klefler, contra.*

COLE, J.   A motion is made to strike this cause from the calendar, for the following reasons: 1st, because the return had not been made and was not on file in this court, when the cause was noticed for argument, and 2d, because the return made by the clerk below to the writ of error, consists of the original papers, pleading, etc., instead of copies thereof as required by rules of this court.

The cause was improperly noticed for argument before the return was made.   It was so decided in *Eaton v. Tallmadge,* 23 Wis., 443.

Rule 2 of this court provides, that on writs of error, the return of the clerk below shall consist of the writ of error, and a *certified copy* of the judgment record, consisting of the pleadings, the bill of exceptions — if any — the verdict and judgment.   The record must be returned, in order to enable the clerk to comply with this rule.

*By the Court.* — The motion to strike the cause from the calendar, is granted.