FOSTER VS. HAMMOND and another.

PARTITION. (1, 2) *Jurisdiction of nonresident defendants, how acquired.* (3) *Order for them to appear must fix day certain.* (4) *Description of premises must be sufficient.* (5) *Case stated; description insufficient.*
GUARDIAN. *Where appointment of, ad litem void, general, may appear and appeal.*

1. Although the statute now found as sec. 10, ch. 124, R. S. (providing a general rule for publication of summons in the case of nonresident defendants), was originally enacted after that now found as sec. 11, ch. 142, R. S. (which prescribes the mode of notifying nonresident parties in suits for partition), the latter still remains in force; the two provisions being able to stand together, and both having been reënacted together in the revision of 1858.
2. In partition suits, the service out of the state upon nonresident defendants, authorized by the statute, is not of the summons and complaint, but of an order in the cause requiring the parties to appear and answer by a day therein specified; and strict compliance with the statute is necessary, to give the court jurisdiction.
3. The order made in this cause, and served on the appellant out of the state, merely directed him to appear and answer in twenty days after service on him of the order and of the summons and complaint. *Held,* .that it was fatally defective, because it did not specify a *day certain* as required by the statute.
4. The statute also requires such an order to contain a sufficient description of the premises whereof partition is sought. *Held,* that the description required is such as shall be sufficient, on the face of the order, to notify the nonresident defendant of the premises in question, so that he may know whether they are premises in which he claims an interest.
5. In the order made in this cause the description of the premises was: "Nine and seventy-four one hundredths acres of land, more or less, in the southwest quarter, in sec. 23, in town 21, range 17 east, described in deed from Francis Hammond dated July 23, 1866, and recorded in the office of the register of deeds of Outagamie county, in vol. 2 of deeds, p. 615; said real estate being situated in the state of Wisconsin, Outagamie county." *Held,* that the description is insufficient, being uncertain in itself, and capable of being made certain only by an examination of records in this state, which it is not the intention of the statute to require of a nonresident defendant.

6. The court having failed to acquire jurisdiction of the appellant (who is a minor), its subsequent appointment of a guardian *ad litem* for him was void; and, for that reason at least, this appeal from the judgment was properly taken by the general guardian.

APPEAL from the Circuit Court for *Outagamie* County.

Action for partition by *E. C. Foster* against *C. F. Hammond* and *Mary A. Foster*. The complaint alleged that *Hammond* was a minor, and resided in Michigan with his father, who was his general guardian appointed by the probate court of Outagamie county. Upon proof by affidavit that the defendant *Hammond* had an interest in the land in suit, and was a nonresident, an order was made in which, following the description in the complaint, the land was described as follows:

" Nine and seventy-four one hundredths (9 74-100) acres of land, more or less, in the southwest quarter, in section twenty-three, in town twenty-one (21), range seventeen (17), east, described in deed from Francis Hammond, dated July 23, 1866, and recorded in the office of the register of deeds of Outagamie county, in vol. 2 of deeds, page 615, said real estate being situated in the state of Wisconsin, Outagamie county." The order required " that said *Hammond*, and all parties interested, appear and answer the complaint in this action within twenty days from and after the service of this order, and a copy of the summons and complaint herein upon said defendant, *Hammond;*" and it further ordered " that said service be made by delivering to and leaving with said *Hammond*, a copy of this order and a copy of said summons and complaint, or if personal service cannot be made, then by publishing, etc., once in each week for three weeks successively." There was no appearance by defendant *Hammond*, except by a guardian *ad litem* appointed by the court, until after judgment.

Proof of personal service of the order, summons and complaint was made, and an attorney of the court was appointed guardian *ad litem* for *Hammond*, who filed the usual answer, and thereupon judgment was entered determining rights of

Foster vs. Hammond and another.

parties; and afterwards judgment ordering sale, etc., was rendered.

From this judgment *Hammond*, appearing by his general guardian, appealed.

*Myers & Kennedy*, for appellant, argued that the order did not contain a sufficient description of the premises, and fixed no certain day in which the parties defendant were to appear and put in their answer, but follows the summons. That the method of obtaining jurisdiction of nonresidents prescribed in R. S. 1858, ch. 142, sec. 11, has been repealed by ch. 124, sec. 10. The service should have been as prescribed in the latter section, and, therefore, the court did not acquire jurisdiction. *Pollard v. Wegener*, 13 Wis., 569; *Hafern v. Davis*, 10 id., 501; *Winner v. Fitzgerald*, 19 id., 393; *Weatherbee v. Weatherbee*, 20 id., 500.

*Samuel Boyd*, for the respondent, contended that the practice provided by ch. 142, sec. 11, was the proper one to obtain jurisdiction. To the point, that the description of the premises in the complaint and order was sufficient, he cited Washb. on Real Property, 3 ed., 367; *Simmons v. Johnson*, 14 Wis., 523; *Blake v. Doherty*, 5 Wheat., 359. He further urged that the acts of the guardian *ad litem* were binding; that the minor, if injured, must seek remedy against him; and that the general guardian had no standing in court.

RYAN, C. J. The appellant is an infant. The court below made an order appointing a guardian *ad litem* for him. And the respondent objects that this appeal is prosecuted, not by the guardian *ad litem*, but by the infant's general guardian. The cause affects the inheritance of the infant, and the appeal is his. It may have been the duty of the guardian *ad litem*, assuming to act in that capacity, to prosecute the appeal for the infant. But, for reasons which will be presently seen, if not for others of broader application, his failure to do so cannot deprive the infant of the right of appeal. In this case, it was competent

and proper for the general guardian to act for the infant in bringing this record to this court.

The appellant is a nonresident; and the proceeding to bring him into court was taken under sec. 11, ch. 142, R. S. His counsel now contends that this was a mistake, and that the proceeding should have been under sec. 10, ch. 124. The learned counsel argues that the latter section, having been originally passed after the former, and containing no exception of actions of partition, operates to repeal the former by construction. We cannot agree with him. Both sections were reenacted together in the revision of 1858, and the general provision in ch. 124, and the particular provision for actions of partition in ch. 142, may well stand together, as was the manifest intention of the legislature.

Unlike sec. 10, ch. 124, sec. 11, ch. 142, does not provide for the service of a summons or complaint out of the state, on nonresident defendants. In actions of partition, service out of the state, on nonresident defendants, of the summons and complaint is unauthorized by the statute, and therefore *extra judicium*. Instead of service of the summons and complaint, the statute provides for service out of the state, on nonresident defendants, of an order in the cause, requiring the parties to appear and answer by a day specified in the order. This is the mode, and the only mode, provided in such cases for service on defendants out of the state, and the order is therefore jurisdictional. A failure to serve the order prescribed by the statute, is a failure of jurisdiction. And a strict compliance with this statute is requisite to jurisdiction. *Kane v. Canal Co.*, 15 Wis., 179.

The order made in this cause, and served on the appellant in another state, specifies no day for him to appear and answer. It directs him to appear and answer in twenty days after service on him of the order and of the summons and complaint. This not only fails to specify a day for appearance and answer, that is, to name a day certain, but expressly makes the day for appearance and answer uncertain, depending on a count of days

from another day uncertain. This is not a compliance with the statute, and is a fatal defect in the order. The language of the statute is very plain. Not only does sec. 11 require the order to specify a day, but sec. 12 authorizes the court to proceed against nonresident defendants served with the order, as upon a default, only upon their failure to appear and answer by the day mentioned in the order. The statute is peremptory ; and the failure to follow it is fatal to the jurisdiction of the court below over the appellant.

It is said that the difference is immaterial; that one way is as favorable to nonresident defendants as the other. Perhaps so ; but *ita lex scripta est.* We cannot sustain the statutory jurisdiction of the court below over the appellant, because the proceeding which was taken to acquire it, *out* of the statute, may be as good as the proceeding prescribed *in* the statute, which was not taken.

There is another fatal defect in the order, which it is proper to notice. The statute requires the order to contain a sufficient description of the premises of which partition is sought. Sufficient for what? For the purpose of the order; sufficient to notify the nonresident defendant served, of the premises of which partition is sought, so that he may know whether he claims any interest in them. The description of the premises in the order in this case is in itself uncertain. But it is said that it may be made certain by the record of a deed in the register's office, to which it refers : *id certum est quod certum reddi potest.* We cannot hold that it is the intention of the statute that a nonresident defendant must make a journey to the state, or employ an agent in it, in order to certify himself whether he has an interest in the premises or not. The description must be sufficient on the face of the order. That is the statute.

It was objected to the order that it does not give adequate notice to a nonresident defendant. It certainly seems reasonable that an infant living in another state should have longer

notice than the law gives to an adult defendant living within the shadow of the court house. But the statute leaves that to the discretion of the circuit court, which we can review only in case of abuse.

On the grounds stated, there was a failure in the court below to acquire jurisdiction over the appellant; and all subsequent proceedings against him, including the appointment of a guardian *ad litem*, were *coram non judice*. The judgment of the court below must therefore be reversed.

*By the Court.* — Judgment reversed.