HELMS and another vs. CHADBOURNE and another, Executors.

JURISDICTION: SERVICE: BURDEN OF PROOF: NOTICE OF PAROL DE-FEASANCE: NOTICE OF JUDGMENT. *(1) Service of summons on minors under fourteen. (2) Jurisdiction of such minors. (3) Deed absolute on its face alleged to be a mere security; burden of proof. (4) Parol defeasance: who chargeable with notice. (5, 6) When record of action and judgment not notice.*

1. The statute regulating service of summons upon minors under the age of fourteen (sec. 9, ch. 124, R. S. 1858), must be strictly followed; and it requires delivery of a copy of the summons to the minor in person, *and of another to the father, mother or guardian, for the minor;* and a delivery of a copy to such father, mother or guardian *for himself or herself as a party to the suit*, is not a substitute for the second part of this requirement.

2. Where the court fails to acquire jurisdiction of a minor by due service upon him, its subsequent appointment of a guardian *ad litem* for him will not cure the defect of jurisdiction.

3. In an action to redeem lands conveyed to defendant or his grantor by a deed absolute on its face, the burden is upon plaintiff to show that the relation of debtor and creditor existed between the grantor and grantee in such deed *after* its delivery, and that it was intended as a mere security.

4. One who purchases land with knowledge of such facts as would put a prudent man upon inquiry as to the existence of a *parol* defeasance of the recorded deed under which his vendor claims, which inquiry would enable him to discover the true nature of his vendor's title, is chargeable with notice.

5. The record of a judgment touching land whch is not recorded in the registry of deeds as a conveyance of title, and of which the registered title gives no notice, *is not constructive notice to one who is not compelled to trace his title* through such judgment, but can show an apparently perfect title independent of it.

6. A judgment will not operate as constructive notice in favor of one named as a party therein, in respect to whom such judgment is void.

APPEAL from the Circuit Court for *Columbia* County.

In February, 1858, Cornelius and Abram Helms, being seized in undivided moieties, as tenants in common in fee, of a large tract of land in this state, and being indebted to the firm of Gross & March, of the city of New York, in the sum of $2,750, executed and delivered to said firm their joint and several promissory note for that sum, payable in eight months, with interest, together with a mortgage on said land, as security for the payment of such note. In October, 1859, after said note had become due, Cornelius and Abram Helms, with their wives, executed to said Gross and March, a deed of conveyance of the same land, absolute on its face, which was duly recorded as a deed. In September, 1861, Cornelius Helms died, leaving a widow, Martha Helms, and two infant children, *Arthur C.* and *Emma J. Helms.* In February, 1863, Gross and March commenced a suit against Abram Helms and wife, and the widow and infant heirs of Cornelius Helms, to foreclose their equity of redemption in said lands. At that time, *Arthur C.* and *Emma J. Helms* were under fourteen years of age, and resided with their mother, having no other guardian;

and the only proof of service upon them in that action is the certificate of the sheriff indorsed upon the summons, that he served said summons and complaint "on the defendants Martha Helms, *Arthur Helms* and *Emma Helms*, by delivering to each of them in person a true copy thereof, and leaving the same with each of them." It appears that the court in that action appointed a guardian *ad litem* for them, upon notice to their mother as their general guardian; and that such guardian *ad litem* filed and served an answer to the complaint, and was present when judgment was ordered in the action. The only defendant who appeared in the action was Martha Helms, whose general demurrer to the complaint was overruled. The court found in that action, that there was a verbal understanding, as alleged in the complaint therein, between Gross and March on the one part, and Cornelius and Abram Helms on the other, at the time of the execution of the above named deed of October, 1859, that, on payment within a reasonable time of the consideration money mentioned in said deed, the grantees therein would reconvey the land to the grantors, their heirs, etc. The court further found the amount then due Gross and March, and ordered defendants to pay them that amount, and, upon proof of nonpayment after the lapse of twenty-four hours, adjudged said defendants to be foreclosed of all right of redemption in the land. After such foreclosure, Gross and March sold and conveyed the lands to one Farnham.

In 1875, *Arthur C. Helms*, by his guardian *ad litem*, and *Emma J. Beardsley*, formerly Helms, commenced this action against Farnham, and revived it against his executors after his death, to redeem their interest in said lands. Their complaint alleges, in substance, among other things, that, at the time of the delivery to Gross and March of the deed of October, 1859, there was an oral agreement by them to reconvey upon payment of the $2,750 and interest; and it denies that in the foreclosure suit brought by them in 1863, the court ever acquired jurisdiction of these plaintiffs. The answer takes issue upon these averments, and also alleges, among other things, that Farnham purchased the premises in good faith, for a full and

adequate consideration, and upon the belief that his grantors were absolute owners thereof.

The court found the facts stated in the first paragraph above; and also found that the deed to Gross and March was intended by the parties as a mere security, as stated in the complaint in this action, and that the lands so deeded had always been wild timbered lands, wholly uncultivated, and that neither Gross and March nor Farnham, nor any person claiming under them, had ever taken possession of the same. As conclusions of law, it held that in the foreclosure action the court acquired no jurisdiction of the present plaintiffs, and the judgment therein was wholly inoperative to bar their equity of redemption; that the judgment and record in said action were constructive notice to Farnham, at the time of his said purchase, of all facts therein shown, and he must be considered as having purchased the premises with knowledge that said deed was a mortgage, and that said foreclosure proceedings were void as to these plaintiffs; and it rendered judgment for an account to be taken and stated by a referee, of the amount due on the mortgage debt, etc., and that upon payment by the plaintiff to the defendants, within six months after the confirmation of said report, of one-half of such amount, with interest from the date of the report, an undivided half of all Farnham's right, title and interest in and to the land should become vested in the plaintiffs, and defendants should execute and deliver to them a conveyance thereof. Other provisions of the judgment need not be stated here. From this judgment the defendants appealed.

*E. Mariner*, for appellants, argued, among other things, 1. That the judgment in the foreclosure suit was not notice to Farnham, who was not a party to that suit and was not obliged to trace his title through the judgment. *Mertins v. Jolliffe*, Ambler, 313; *Hamilton v. Royse*, 2 Schoales & Lef., 315; *Worsley v. Scarborough*, 3 Atk., 392; *Boggs v. Varner*, 6 Watts & S., 469; *Heirs of Ludlow v. Kidd's Ex'rs*, 3 Ohio, 541; 2 Sugd. on Vendors (Perkins' ed.), 538-9, and note; Freeman on Judgm., § 206. 2. That such judgment could

have no effect either in favor of or against the present plaint-
iffs, if void as to them for lack of service of summons. *Well-
born v. Finley*, 7 Jones' Law, 228; *Hoyt v. Jones*, 31 Wis.,
389. Counsel also distinguished *Pringle v. Dunn*, 37 Wis.,
449, and both criticised and distinguished *Hoyt v. Jones*, 31
Wis., 389.

There was a brief on the same side by *G. W. Hazelton*.
He contended, 1. That the service of summons in the fore-
closure suit upon these plaintiffs and their mother fully ac-
complished the purpose designed by the statute, and should
be treated as sufficient. *Smith v. Pattison*, 45 Miss., 619;
*Sanders v. Godley*, 23 Ala., 473. See also *Ryers v. Hillyer*,
1 Caines, 112; *Parkman v. Sherman*, id., 344; *Jackson v.
Stiles*, 1 Cow., 222; *Batten v. Harrison*, 3 Bos. & Pul., 1.
2. That Farnham was not chargeable with notice of the record
and judgment in the foreclosure suit. (1) If there was no
service on these plaintiffs in that suit, the judgment in respect
to them was wholly void—an absolute nullity. It was therefore
improperly on the records; and the record of a paper which has
no right to be recorded, or is improperly recorded, is not con-
structive notice. *Gillig v. Maass*, 28 N. Y., 192; *Ely v. Wil-
cox*, 20 Wis., 523; *Gilbert v. Jess*, 31 id., 110. These plaint-
iffs have no privity with the persons who were served as
defendants in that action; their rights are separate and dis-
tinct. Estoppels must be mutual. If the proceedings in that
suit do not estop these plaintiffs, they do not bind a purchaser
without notice of them. Co. Litt., 552 a; *Welland Canal
Co. v. Hathaway*, 8 Wend., 480; *Lansing v. Montgomery*, 2
Johns., 382; *Dempsey v. Tylee*, 3 Duer, 73; *Jewell v. Har-
rington*, 19 Wend., 471. (2) The statutes of this state, provid-
ing for filing with the register of deeds a notice of *lis pendens*,
and for recording in his office judgments or decrees affecting
title to real estate, were designed to determine the conditions
under which such actions, or the judgments therein, should be
constructive notice. *Murray v. Ballou*, 1 Johns. Ch., 566;
*Murray v. Finster*, 2 id., 155; *Heatley v. Finster*, id., 158.
Have not third persons, dealing with the property, an interest

of right in the exercise of the statutory power to record such judgments? *Cutler v. Howard*, 9 Wis., 312, and cases there cited. (3) A judgment is not notice to one in whose chain of title it is not a necessary link. If a *bona fide* purchaser of real estate, in investigating his grantor's claim of title, finds no suggestion of any collateral claim or charge requiring investigation, he is not bound to make such investigation. Wade on Notice, §§ 314, 325; *Lodge v. Simonton*, 2 Penn., 439; *Harris v. Fly*, 7 Paige, 421; *Martin v. Nash*, 31 Miss., 324; *Nelson v. Allen*, 1 Yerg., 360; *Hamilton v. Royse*, 2 Schoales & Lef., 326; *LeNeve v. LeNeve*, 2 L. C. in Eq. (4th Am. ed.), Part 1, pp. 50, 51. The action of ejectment is the only exception to this rule. Wade on Notice, §§ 343-4; R. S., ch. 141.

*L. S. Dixon*, for the respondents, argued, 1. That in the foreclosure suit the court obtained no jurisdiction of the present plaintiffs. R. S. 1858, ch. 124, sec. 9; *Wendel v. Durbin*, 26 Wis., 390; *Mayer v. Griffin*, 7 id., 82; *Rape v. Heaton*, 9 id., 328; 12 id., 335; 13 id., 569; 18 id., 397; 19 id., 347; 20 id., 302, 499; 23 id., 513; 27 id., 558; 29 id., 169; 37 id., 185; *Keaton v. Banks*, 10 Ired. Law, 381. 2. That the appointment of a guardian *ad litem* did not cure the defect of service. *Foster v. Hammond*, 37 Wis., 187, 190. 3. That the judgment in that action was conclusive upon the defendants served therein, and upon Gross & March, and all persons claiming under and in privity with them, that the deed to them was only a mortgage. 4. That the judgment, being valid as to three of the makers of the instrument in the form of a deed, was constructive notice to all subsequent purchasers from Gross & March, not only of the judgment itself, but of every material fact recited in the record, affecting the title to the lands. *Hoyt v. Jones*, 31 Wis., 389, 392, 396, 400, 401. *Post litem* purchasers stand upon the same footing in this respect as purchasers *pendente lite*. Both are alike bound by constructive notice. 1 Story's Eq. Jur., §§ 405, 406; *Heatley v. Finster*, 2 Johns. Ch., 157; *Murray v. Lylburn*, id., 441; *Green v. Slayter*, 4 id., 38; *Edwards v. Banksmith*, 35 Ga., 213; *Harris v. Carter*, 3

Stewart, 233; *Diamond v. Lawrence Co.*, 37 Pa. St., 353; *Kellogg v. Fancher*, 23 Wis., 21; *County of Warren v. Marcey*, 10 Ch. Leg. News, June 1, 1878, pp. 291-2. The only exception to the rule is that made in favor of *bona fide* purchasers of negotiable paper not yet due, as in the last two cases above cited. After judgment, the record not only continues to be constructive notice to all future purchasers of the lands affected by it from any of the parties to the action, but the judgment incorporates itself with the recorded evidences of the title of such parties, and is an inseparable part of such evidences of title, through which every subsequent purchaser must read his title, if he claims under a party to the action or a privy in estate or blood to such party. *Adams v. Barnes*, 17 Mass., 365; *Smith v. Kernochen*, 7 How., U. S., 198, 218; *Kelley v. Donlin*, 70 Ill., 378, 386; *Campbell v. Hall*, 16 N. Y., 580, 581; *Peck v. Hensley*, 20 Tex., 673, 678. This doctrine of constructive notice by judgment record necessarily follows from the principle upon which judgments are held to be conclusive upon all persons represented by the parties, and claiming under or in privity with them. 1 Greenl. Ev., § 523; *Warner v. Trow*, 36 Wis., 196, 200; *Finney v. Boyd*, 26 id., 366. Our statute regulating the action of ejectment declares that the judgment in such an action shall be conclusive as to the title established therein " upon the party against whom it is rendered, and against all persons claiming from, through or under such party, by title accruing after the commencement of such action," etc. R. S. 1858, ch. 141, secs. 19, 21. The statute relating to the recording of judgments in the office of the register of deeds is *permissive* merely. *Hoyt v. Jones, supra*. In ejectment by the grantor against the grantee in a deed absolute upon its face, the grantor may show by parol that the deed was given in security for a debt which has been paid, and so may recover the land. *Kent v. Agard*, 24 Wis., 378. It would be strange, if, after such a recovery, the grantor could deprive the grantee of the benefit of the judgment by selling to a purchaser without knowledge of it. See also *Gerster v. Hilbert*, 38 Wis., 609; *Hesse v. Mann*, 40

id., 560.   5. That purchasers under Gross & March, being bound to take notice of the foreclosure judgment as part of the title of their grantors, were chargeable with notice of the whole record. *Hesse v. Mann, supra; Pringle v. Dunn,* 37 Wis., 449; *Watson v. Wilcox,* 39 id., 643, 648; 3 Washb. R. P., 3d ed., 292.

COLE, J.  I. We quite agree with the learned circuit judge in the view that the summons, in the foreclosure suit brought by Gross and March in the circuit court of Marathon county, was not served upon the infants *Arthur C. Helms* and *Emma J. Beardsley* (then *Helms*) in the manner required by statute; consequently the court acquired no jurisdiction over such infants, and the judgment in the action, so far as it attempted to bar or foreclose their rights, is void.   It is conceded that these infants, at the time of such attempted service, were under fourteen years of age, and were living with their mother, Martha Helms, in Columbia county.   The officer certified in his return that he served the summons and complaint on the defendants Martha Helms, *Arthur Helms* and *Emma Helms.* by delivering to each of them, in person, a true copy thereof, and leaving the same with each of them in the county of Columbia, Wisconsin, on the 30th day of March, A. D. 1863. The statute provides that a summons shall be served by delivering a copy thereof as follows:   1st. If the action be against a minor under the age of fourteen years, to such minor person-ally, *and also to his father, mother or guardian, or, if there be none within the state, then to any person having the care and control of such minor, or with whom he shall reside, or in whose service he shall be employed.*   Section 9, ch. 124, R. S. 1858.   The statute is very plain in its language, and evidently requires a copy of the summons to be personally delivered to the minor, while another copy should be delivered to the father, mother or guardian, as and for the infant, in order to give the court jurisdiction over the infant and bind it by its judgment.   The court cannot dispense with these requirements of the statute, and hold a delivery of a copy of

the summons personally to the infant as a sufficient compliance therewith. It obviously would do so, if it should hold that the service of summons in this case was good as to the infants. The statute was manifestly framed for the protection of minors who are incapable of defending their rights in courts. And it is essential that it should be strictly followed, and that the summons should be served by delivering a copy personally to the infant, and also a copy to the father, mother, or person having the control of the infant, for such infant. There probably would be no question as to the insufficiency of the service in the case before us, had the suit been against the infants alone. But the mother, Martha Helms, was herself made a party defendant, and was individually served with process. This, it is claimed by defendants' counsel, was a compliance with the statute, and fully satisfied the object the legislature had in view in enacting it. The cases of *Mullins v. Sparks*, 43 Miss., 129, *Smith v. Pattison*, 45 id., 619, and *Sanders v. Godley*, 23 Ala., 473, are relied upon in support of this position. The cases in Mississippi were decided under a statute substantially like our own, and would sustain the service in this case as sufficient to bring the infants before the court. But we are unwilling to follow them, because they practically assume to dispense with the plain requisition of the statute in regard to the service of process upon minors. It is said it would have subserved no good purpose to have left copies of the summons with the mother for the infants, because she had already been individually served. But the conclusive answer to this argument is, that the statute clearly requires such a mode of service: *ita lex scripta est*. In the case in Alabama, the service was upon the mother as surviving parent of the infant defendants; and this was held good under a rule of chancery practice adopted in that state prescribing the mode of service in such cases. The decision may have been correct under the rule, but it really has no bearing on the question before us. We may remark that in a previous case, *Hodges v. Wise*, 16 Ala., 509, the court lays down the doctrine that where a parent and child are both made parties defendant to

a bill, the mere service of subpœna on the parent is insufficient to bring the infant before the court under this same rule, but that it must specially appear from the officer's return that a subpœna was served *on the parent for the infant*. This accords with our view of the meaning of our statute, which expressly declares that the service must be made by delivering a copy to the minor personally, and also to the father, etc., for the infant. In no other way can jurisdiction over the minor be obtained. And it therefore is no answer to say that it was useless to serve two copies of the summons on the mother for the infants in this case because she had been herself served as defendant in the action. The court having failed to acquire jurisdiction by proper service on the infants, the subsequent appointment of guardian *ad litem* was clearly irregular, and did not aid or cure such want of jurisdiction. *Foster v. Hammond*, 37 Wis., 185.

II. The next question to be considered is, whether the plaintiffs, *Arthur C. Helms* and *Emma J. Beardsley*, have a right to redeem an undivided one-half of the mortgaged premises on paying one-half of the mortgage debt together with the interest, taxes and costs. There can be no controversy that they have that right providing they are able to show that the relation of mortgagors and mortgagees existed between the firm of C. H. & A. Helms and the firm of Gross & March, and that the deceased Frederick F. Farnham, when he purchased, had notice that Gross & March were not the absolute owners of the property, but held it merely as a security for the payment of what C. H. & A. Helms owed them. There is considerable testimony which tends strongly to show, if it does not conclusively establish the fact, that Gross & March held the property as mortgagees up to the commencement of the foreclosure suit in 1863. It is conceded that they so held the property until the deed of October 25th, 1859, was executed by C. H. & A. Helms to them, and placed upon record. What was the real object of that conveyance — whether it was given by C. H. & A. Helms in full satisfaction of the indebtedness which they then owed Gross & March, or for

the consideration expressed in the deed; or whether it was in the nature of further security, the relation of the parties not being intended to be changed by it; or whether the purpose of the conveyance was to hinder and delay the creditors of the grantors — is a matter of great doubt and uncertainty. It is strenuously argued by the counsel for the defendants, that the deed could not have been, and was not in fact, given and placed upon record solely as a security for a debt, but that the parties had in view some other object in making the conveyance. And the counsel insist that it is incumbent on the plaintiffs to explain the whole transaction: to show what the object was, and that it was honest and lawful, and that the deed was intended to be for a security. Doubtless the plaintiffs are bound to make out a case entitling them to redeem; they must establish the fact that the relation of debtor and creditor existed between C. H. & A. Helms and Gross & March after the deed was executed. Whether that was not quite satisfactorily established by the receipt given by Gross & March dated October 9th, 1860, by the correspondence between the parties, and by the admissions in the complaint in the foreclosure suit, we will not affirm. Possibly further evidence may be obtained, which will throw more light on these transactions and dealings between the two firms, and explain the purpose more clearly of making and recording this deed. We shall assume at present that the deed was given merely as a security for a debt, and that, as between the parties to it, it amounted, in equity, only to a mortgage. But the stress of the case lies in fastening upon Farnham, when he purchased, notice that this absolute deed was only a mortgage. If this absolute deed was only a mortgage, as we have assumed, the defeasance was in parol; that is, there was nothing which under the registry act would charge Farnham with notice, when he purchased, that it was a mortgage. But if he then had knowledge of such facts as would put a prudent man upon inquiry and enable him to find out the true character of this conveyance, this would be sufficient notice. *Brinkman v. Jones*, 44 Wis., 498. Is there anything in the

record which shows that Farnham was not a *bona fide* purchaser, without notice of the claims of the Helmses in the property? The lands were wild timber lands, wholly uncultivated. It is not pretended that Farnham had actual notice of that claim, and he positively denied under oath that he had any knowledge or information of any claim upon the property by the plaintiffs or any other person. But the learned circuit judge held that the judgment in the foreclosure action, and the record thereof remaining in the circuit court of Marathon county, were constructive notice to Farnham, at the time of his purchase from Gross & March, of all the matters and facts in said judgment and record recited, and that he must be considered as having purchased the property with knowledge that the instrument in the form of a deed was merely a mortgage. The effect of this judgment and record as constructive notice is therefore a material question to be considered. It is claimed by the learned counsel for the plaintiffs, that, as the circuit court in the foreclosure action acquired jurisdiction of the adult defendants, the judgment was constructive notice to all subsequent purchasers from Gross & March, not only of the judgment itself and of the matters therein adjudged, but also of every material fact recited in the record and which might affect the title to their lands. And it is said that this position is amply and fully sustained by the decision in *Hoyt v. Jones*, 31 Wis., 389. But we think this argument, when applied to the facts of this case, unsound, for two reasons: 1st. It was not necessary for Farnham to trace his title through that judgment. The record in the register's office showed a perfect and complete title to the lands in Gross & March. Why had he not a right to purchase on the faith of that record? The judgment was not recorded in the register's office, as it might have been, when it would have the effect of a recorded conveyance. 2d. Another reason is, that, so far as the plaintiffs are concerned, that whole proceeding in the foreclosure action was null and void. Now upon what principle can the plaintiffs claim that this judgment is void — one which in no way of

manner affects their rights in the property, and at the same time assert and insist that it is valid and operates as constructive notice. It seems to us the two positions are contradictory and inconsistent, condemned by the maxim, *allegans contraria non est audiendus*, or, according to "the trite remark of Lord KINYON, that a man is not permitted to blow hot and cold with reference to the same transaction, or insist, at different times, on the truth of each of two conflicting allegations, according to the promptings of his private interest." Broom's Legal Maxims, 127. The plaintiffs seek to repudiate entirely the binding force of the judgment — say that it is void as to them,— while they invoke its aid and benefit as constructive notice. If the judgment is void, it cannot operate as constructive notice in favor of any one. This probably would not be contested had the plaintiffs alone been defendants in the foreclosure suit. But because there were adult defendants united with them in the action, who were bound, it is said that this makes a difference. But it seems to us, if the judgment is void as to the plaintiffs for the want of jurisdiction, it should be held void, so far as they are concerned, as constructive notice. There ought to be some mutuality in the effect of the judgment, or it will work great injustice. It appears that on the 1st of September, 1863, the judgment was entered which professed to bar the right of redemption in the lands. Farnham purchased of Gross & March February 20th, 1873, without either express or implied notice of any outstanding equity, except what that judgment gave him. It is not claimed that he had any actual notice even of the judgment. And while the judgment is clearly void as to the plaintiffs, it is insisted it must be held valid for the purpose of charging Farnham with notice of everything recited in the record affecting the title. The doctrine of *lis pendens*, it is admitted, at times works harshly, but is justified by the necessity there exists of putting an end to litigation and preventing a defendant from evading a decree by conveying the property in dispute after suit brought and before decree. It is said that a *post litem* purchaser stands upon the same ground as a purchaser *pendente*

*lite,* and that after judgment the record of the proceedings in the action operates as constructive notice to such purchaser in the same manner and with like effect as *lis pendens* operates as notice pending the action. We shall not enter upon a discussion of the doctrine of *lis pendens* or *post litem,* because we do not think it can properly be applied to the facts of this case. There must be some limitation to the rule, and we are not aware that any case has carried it so far as to hold that a judgment which is void as to a party could operate as constructive notice so far as that party is concerned. If we are right in these views, the judgment must be reversed without reference to any other question. If the plaintiffs satisfy the circuit court that they are able to obtain evidence showing that Farnham, when he purchased, had notice of their claim, we think that court should grant a new trial according to the suggestion in *Law v. Grant,* 37 Wis., 548; *Pike v. Vaughn,* 39 id., 500; *Mc Williams v. Bannister,* 40 id., 489; otherwise that the complaint should be dismissed.

*By the Court.*—It is so ordered.

RYAN, C. J. I concur in this judgment, but regret that the effect of the Marathon county judgment, as notice to the testator of the appellants, was not put upon broader ground. I will briefly state what I consider the true ground, without entering into any extended discussion of it.

Notwithstanding some things said, I think *obiter,* by DIXON, C. J., in *Hoyt v. Jones,* 31 Wis., 389, I am of opinion that, as a general rule, *bona fide* purchasers of land in this state, without actual notice, are not chargeable with constructive notice of judgments affecting the title, through which the title does not pass, unrecorded in the register's office and not referred to in the registered title; unless such judgments are expressly made to operate as constructive notice by statute. It appears to me that a purchaser of land is generally called upon to search the records of courts only for proceedings through which the registered title passes, or which are referred to in the registered title, and judgments which are liens on the

land. Whatever may be the law in England or elsewhere, I think that this position necessarily results from the construction and policy of the registry laws of this state. And this view appears to be strongly confirmed by the right given by ch. 157 of 1859, to register all judgments affecting the title to land. It was said by the distinguished counsel for the respondents, that this statute is permissive only; and it certainly is so in terms. So are the registry laws. And, taken with the registry laws, this statute may well bear a construction to take away all effect, as constructive notice, of judgments through which the title does not pass, and of which the registered title gives no notice, if the parties claiming under them do not exercise the permission to register them.

It would tend greatly to the insecurity of land tenures, if purchasers should be held chargeable with constructive notice of every judgment, rendered at any time, in any court of the state. And it appears to me that such a rule would not only be burdensome to parties, but against public policy and the manifest intent of all or almost all statutory provisions bearing on the question.