HELMS, by guardian *ad litem*, and another vs. CHADBOURNE and another, Executors.

*March 11 — March 30, 1880.*

#### New Trial.

On reversing a judgment in this cause, on a former appeal, this court directed that if plaintiffs should satisfy the circuit court that they were able to obtain evidence showing that defendant's testator, when he purchased the land here sought to be redeemed, had notice of plaintiffs' claim of an equity of redemption, it should grant a new trial; and that otherwise the complaint should be dismissed. 45 Wis., 60. When the case was remitted, a new trial was granted upon an affidavit of plaintiffs' counsel that he had seen and conversed with the witnesses, and that plaintiffs could prove, by the most trustworthy and reliable testimony, that such testator had actual notice of their claim before taking his conveyance. *Held*, no error.

APPEAL from the Circuit Court for *Columbia* County. The case is stated in the opinion.

Helms, by guardian ad litem, and another vs. Chadbourne and another, Ex'rs.

For the appellants, there was a brief by *G. W. Hazelton* and *E. Mariner*, and oral argument by *Mr. Mariner*.

*L. S. Dixon*, of counsel, for the respondents.

Lyon, J. This is an appeal by the defendants from an order of the circuit court granting a new trial of the action. The case was here at a former term, on appeal from final judgment therein for the plaintiffs, and is reported in 45 Wis., 60. The report contains a full statement of the case, which it is unnecessary to repeat here. The judgment was reversed because the record failed to show that Farnham, the defendants' testator and the owner of the lands affected by the action, had notice that the conveyance of such lands by the ancestor of the plaintiffs to Gross & March, the grantors of Farnham, although absolute on its face, was in fact a mortgage.

The contention on the trial was, that certain foreclosure proceedings referred to in the case were constructive notice to Farnham of the true character of the deed; and the circuit court adopted that view. No attempt seems to have been made to prove that Farnham had actual notice thereof; and had the views of the circuit court been sustained, proof of actual notice was not essential to the plaintiffs' right of action. This court was of the opinion that if the plaintiffs could prove such actual notice, or give any reasonable assurance that they could do so, they ought to have the opportunity to make the proof. But, inasmuch as the court was not advised on the subject, instead of ordering a new trial, the case was remanded with the direction which will be found at the close of the opinion by Mr. Justice Cole. By this direction we did not intend to bind the circuit court by the strict rules which obtain when a new trial is sought on the ground of newly discovered evidence, or as a relief from the consequences of mistake, inadvertence, surprise or excusable neglect; but the intention was to vest in that court as ample discretion as this court would have exercised in the first instance, had the proofs upon

Helms, by guardian ad litem, and another vs. Chadbourne and another, Ex'rs.

which the circuit court made the order been properly before us when the case was adjudicated.

The order was made upon an affidavit of plaintiffs' counsel, Judge Dixon, to the effect that he had seen and conversed with the witnesses, and that the plaintiffs can prove by the most trustworthy and reliable testimony that Farnham had actual notice, before he took a conveyance of the land from Gross & March, of the claims of the plaintiffs in and to such lands. Had this affidavit been properly before this court when the case was decided, doubtless a new trial would have been ordered in the first instance. We cannot, therefore, disturb the order of the circuit court, founded on such affidavit, granting a new trial. We understand the order contemplates a new trial of all the issues.

Other questions, relating to the merits of the action, and the regularity of the proceedings preliminary to the order, were discussed by counsel. Matters were also discussed concerning which the record is silent. We think the proceedings which resulted in the order were regular, and we deem it unnecessary further to consider the case. The views above expressed are decisive of the appeal.

*By the Court.*— Order affirmed.