McLennan vs. Prentice.

McLENNAN, Appellant, vs. PRENTICE, Respondent.

*March 21 — April 9, 1891.*

*New trial.*

Where the supreme court had reversed a judgment for defendant, in an action for a breach of the covenants in a deed, because the trial court had erroneously ruled that the burden of proof was upon the plaintiff to show that the defendant had not good title when the deed was made, and had remanded the cause, with leave to the circuit court, in its discretion, on application of the defendant for good cause shown, to grant a new trial, *held,* that under such order

the application should be *ex parte*, and not on counter-affidavits; and that defendant had shown good cause when he had satisfied the court that he would be able to produce evidence of good title on another trial, and would have done so on the former trial if the court had not ruled it to be unnecessary, and that a new trial was properly granted.

APPEAL from the Circuit Court for *Ashland* County.

The case sufficiently appears from the opinion. The plaintiff appeals from an order granting a new trial.

For the appellant there was a brief by *T. L. & C. T. Kennan*, and oral argument by *T. L. Kennan*. They contended that the affidavits produced by the defendant on the application for a new trial did not show what new proof of title he could produce on another trial, while the documentary evidence then produced by plaintiff showed conclusively that he had not good title.

For the respondent there was a brief by *Tomkins, Merrill & Smith*, and oral argument by *W. M. Tomkins*.

ORTON, J. The original action of the appellant was in covenant for the breach of the covenants of the respondent's deed to him of certain premises, and to recover the purchase money and interest as in case of eviction, the lots being vacant. The court rendered judgment in favor of the respondent on the ground that the appellant had failed to prove that the respondent had not a good title when said deed was made, having ruled that it was incumbent on the appellant to so prove, and not on the respondent to prove that he had a good title at that time. This court, on appeal, reversed the judgment, holding that it was incumbent on the respondent to prove that he had a good title when he made the deed, and having failed to so prove, the appellant was entitled to judgment. 77 Wis. 124. Mr. Justice TAYLOR said in the opinion: "The mistake made by the learned circuit judge upon the trial was in holding that in this ac-

McLennan vs. Prentice.

tion  .  .  .  the burden of proof was upon the plaintiff to
show that the defendant had no title in fact, and that, in
the absence of any proof on the subject, the presumption
was that the defendant had title."

The cause was remanded, " with direction to the circuit
court to enter judgment in accordance with the opinion;
but the circuit court may, in its discretion, on the applica-
tion of the defendant for cause shown, and upon such terms
as shall be just, grant a new trial upon all the issues in the
case." The defendant made a motion for a new trial,
founded upon the affidavit of the defendant, that when he
made the deed he was the owner in fee-simple of the prem-
ises, and at the trial he was prepared to make proof of his
said title, but that he was informed by his counsel that he
understood the court to hold that the defendant did not
have the burden of proof in relation to said title, but that
it was for the plaintiff to show that the defendant's title
was defective. It is further stated in the affidavit that for
that reason he failed to make proof of his title, and that, if
a new trial is granted, he will make such proof, and show
that he was the owner in fee of said premises at the time
of said conveyance. The affidavit of W. M. Tomkins, one
of the respondent's counsel, was also read upon said mo-
tion, in which he stated in effect that he had mistaken the
nature of the action, and supposed the burden of showing
that the defendant had no title when he made the deed
was on the plaintiff; and that he had examined the title of
the property, and from such examination he believed that
the defendant is, and was at the time of the commencement
of the action, the owner in fee of the property, and at the
time of the making of the conveyance was such owner, sub-
ject to a mortgage which had in fact been paid. In oppo-
sition to the motion for a new trial the appellant presented
to the court the bill of exceptions and a verified abstract of
title, to show that the respondent was not the owner when

the deed was made. The court granted the motion, and the plaintiff has appealed from the order.

If, in such a case, the circuit court is to decide the only question in dispute upon counter-affidavits, it is equivalent to a new trial of the case, and, instead of granting or refusing the motion, the court should render the proper judgment, and save the expenses of another and unnecessary trial. But such is not the proper practice. When anything is to be done by the court "on cause shown," the showing of cause is *ex parte*. This court submitted the question of granting a new trial to the *discretion* of the circuit court "for cause shown." When the respondent satisfied the court that he was ready and able on the former trial to produce the evidence of his title, and would have done so if the court had not ruled that it was unnecessary, and that he will be able to produce such evidence on another trial, he has shown one of the best possible causes for a new trial that could be shown in any case. The former trial was a mistrial, solely through the mistake of the court. It would be a denial of justice to refuse a new trial in such a case. If the learned counsel on both sides had looked into the Wisconsin Reports, it would probably have saved the expenses of this appeal, or at least the making of briefs on the merits of the question of fact. The case of *Helms v. Chadbourne*, 48 Wis. 690, is as nearly like this case as one case can ever be found that is like another when the parties and facts are different. The judgment for the plaintiff was reversed because it was not proved that one Farnum, the testator of one of the defendants, the owner of the land affected by the action, had *actual* notice that a certain deed was a mortgage, on the ruling of the court that actual notice was not necessary, but that *constructive* notice was sufficient. It was remanded, with direction that the circuit court should grant a new trial if satisfied that the plaintiffs could obtain evidence that such

testator had such actual notice. The attorney of the plaintiffs presented his affidavit as the ground of the motion for a new trial, in which he stated that he had seen and conversed with the witnesses, and " that the plaintiffs can prove by the most trustworthy and reliable testimony that Farnum had actual notice," etc. The order granting a new trial was affirmed on appeal to this court. In both cases the essential evidence on which they turned was omitted, because the court ruled that it was not necessary. A much stronger cause was shown for the new trial in this case than in the above case, and this case is ruled by that in every particular.

*By the Court.*— The order of the circuit court is affirmed.