January Term,
1861.

HALL vs. GALE.

HALL
v.
GALE

Where the vendor of land granted to the vendee the privilege of raising the water of a creek to a certain height, with covenants of lawful seisin and of good right to sell and convey, the damages which the vendee has sustained by a breach of the covenants in regard to the right to raise the water to the height specified, may be set up as a counter-claim in an action by the vendor to foreclose a mortgage given for the purchase money.

APPEAL from the Circuit Court for *Walworth* County.

This action was brought by *Hall* against *Gale*, to foreclose a mortgage given by the latter to the former, for the purchase money of the undivided three-eighths of certain mill property conveyed by *Hall* to *Gale* in June, 1856. The deed from *Hall* to *Gale*, after describing the land by metes and bounds, continued thus: "Together with the privilege of raising the waters of Honey Creek, and keeping the same raised at such times as the party of the second part may desire, to within six inches of a certain spike   *   *   in the northeast head post of the waste-way, which privilege the party of the first part guarantees to the party of the second part, his heirs," &c. The deed contained covenants of lawful seisin, of lawful right to convey, for quiet enjoyment, and of general warranty. The answer, after setting forth the deed, denied that at the time of its execution the plaintiff was seized of the right to raise the water in said creek to within six inches of the spike referred to, but alleged that when the water was raised to within less than twenty inches of said spike, it flowed back upon and rendered useless certain lands owned and lawfully possessed by certain other persons, by reason of which the defendant had been unable to obtain the possession and use of the whole of the premises and privileges described in the deed, and had been deprived of the profitable use of said mill, which had in consequence become of little value, and had suffered damage to the amount of, &c., which he set up by way of counter-claim. Reply in denial.

On the hearing, the defendant, after testifying that at the time of the execution of the deed he was the owner of the other five-eighths of the mill property, and that he had bar-

gained with the plaintiff for his three-eighths in May, 1854, and had been in the possession of the property from that date until the summer of 1858, when he sold it, offered evidence tending to show that the plaintiff never had a right to raise the water of the creek to the height mentioned in the deed; that the water, when raised to that height, overflowed the lands of several persons, one of whom had, in April, 1856, obtained an injunction restraining him from causing such overflow, until the further order of the court; that the privilege of raising the water to that height constituted three-fourths of the value of the property; and that in consequence of the want of that privilege he had sold the property for $1,000 less than he would otherwise have done. This evidence was objected to, and the court excluded it, on the ground that it constituted no defense to this action. Judgment for the plaintiff, for the full amount of the mortgage debt.

*Spooner & Harkness*, for appellant:

The appellant's right to sue on the covenant of seisin would not be questioned, but wherein would that action differ from his present counter-claim? The parties would be the same; the same facts must be alleged and proved; and the same measure of proof would be required. The answer alleges that defendant could not get possession of the entire estate granted, in consequence of the possession of the lawful owners. Inability to get possession, in consequence of possession under paramount title, is a constructive eviction. Rawle on Cov., 254-5. To force a defendant to a separate action on the covenants, when the grantor is insolvent or a non-resident, might have the effect of denying relief. It is true the suit for an injunction has not been carried to a final decree, in consequence of the restoration of the mill dam act, which is supposed to have taken away that remedy, but it was an effectual eviction. If not an eviction, it showed such a disturbance of possession as rebuts the idea of any title being acquired by lapse of time and continued possession.

*Winsor & Smith*, contra, argued that where the purchaser has gone into possession of the property, and has not been evicted by title paramount, and no fraud is alleged, and

the grantor is not insolvent, equity will not allow him to set up a defect of title to defeat the collection of the purchase money. 1 Johns. Ch., 213, 218 ; 2 id., 519 ; 9 Paige, 443 ; 26 Wend., 109 ; 2 Barb. Ch. R., 582 ; 3 Sandf., 118. Nor can such a defense be set up by way of counter-claim. *Hill vs. Butler*, 6 Ohio St., 207. In such a case the purchaser has not been damnified by the defect of title ; *non constat* that he ever will be. There has been no eviction in this case. An interlocutory injunction, without a final adjudication of the subject matter of the suit in which it issues, is no evidence of a judgment of a court. It establishes no right to the final relief claimed. Besides, the injunction was granted *before* the execution of the deed, and could not have enjoined the appellant from taking possession of any property that he received under it. The respondent was not a party or privy to the chancery proceedings, and could not have been affected by them. If they prove anything, it is that the appellant purchased with full knowledge of the disability of the respondent to make him a good title. If the evidence offered had been received as showing a technical breach of the covenant of seisin, the appellant would have been entitled to nominal damages only. But a court will not grant a new trial merely to allow a party to recover such damages. 3 Graham on New Tr., 1169 ; 4 Scam., 495 ; 6 Johns., 270 ; 10 Wend., 119.

May 15.        *By the Court*, COLE, J. This case comes fully within the doctrine of this court as laid down in the case of *Walker vs. Wilson*, 13 Wis., 522 ; and we therefore do not deem it necessary to go over the ground there discussed. It is sufficient to say that we there held that damages for a breach of the covenant of seisin constituted a proper counter-claim in an action to foreclose a mortgage for the purchase money. We could not see why such a cause of action did not possess all the elements of a counter-claim, as defined by chap. 125, R. S.

In the present case the appellant set up in his answer, and offered to prove, a breach of the covenant of seisin, and of the right to raise the water to the height mentioned in the

deed. He claims that the respondent never possessed that right, and of course could not convey it. And this breach of the covenant of seisin constituted an existing cause of action when this suit was commenced. The circuit court rejected all the testimony offered relating to the overflowing of the water raised by the dam, and the extent of the respondent's right to raise the water, and the proof of all damages arising therefrom, holding that such damages did not constitute a counter-claim and were no defense to the action. This ruling we deem erroneous.

We were referred on the argument, among other authorities, to the case of *Hill vs. Butler*, 6 Ohio State Rep., 207, as having a strong bearing upon the questions here raised. We think, however, that case is distinguishable from this. There a party in the undisturbed possession of land, attempted to set up, in an action to foreclose a mortgage for the purchase money, damages for a partial failure of title. The court held that it could not be done, because, as he had not been evicted by paramount title, his damages were merely nominal. But here the right of action for the breach of the covenant of seisin was complete, and the damages arising therefrom might be important. We think the appellant was entitled to show what damages he had sustained in consequence of the breach of the covenant of seisin and of the right to convey, and that these damages would constitute a defense *pro tanto* to the action for the foreclosure of the mortgage.

The judgment of the circuit court must therefore be reversed, and the cause remanded for further proceedings in conformity to this decision.