Nichol vs. Alexander.

This has been our view of the statute, and we still think this construction of it is correct. And it follows from this that the county court had no power to render a new judgment upon the merits, as was done in this case.

## NICHOL vs. ALEXANDER.

PLEADING: (1) *Joinder in one count of causes of actions which may be joined in one complaint: Remedy.* (2) *Joinder in one action of breaches of covenants in separate deeds.* (3) *Joinder in one count of breaches of different covenants in one deed.*

REVERSAL OF ORDER. (4) *What offer of respondent will prevent reversal of erroneous order.*

VENDOR AND PURCHASER—COVENANTS—EVICTION—DAMAGES: (5-7) *Constructive eviction by foreclosure sale and conveyance—What covenants broken—Damages.* (8) *Effect of title subsequently acquired by vendor.*

1. Where several causes of action, which may be joined in one complaint, are improperly united in a single count, instead of being separately stated, the remedy is not by demurrer, but by motion to make the complaint more definite and certain by striking out all but one of them.

Nichol vs. Alexander.

2. Breaches of the covenants in two deeds of different lands from defendant to plaintiff, may be united in the same action. R. S., ch. 125, sec. 29, subds. 1, 2.

3. All breaches of one and the same contract, as of the different covenants usually contained in a warranty deed, may be alleged in a single count of the complaint, and proof made, at the trial, of any or all of them.

4. If, after a demurrer to the complaint has been improperly sustained, defendant offers plaintiff such a judgment as he is entitled to, *it would seem* that the order sustaining the demurrer should not be reversed on appeal, but plaintiff should be remanded to the court below to take the judgment offered him. But this point is not decided.

5. Where land is not in the *actual* possession of any person, a sale and conveyance thereof under a mortgage foreclosure vests in the grantee the constructive possession, and divests the former owner of all right of possession.

6. Whether such an eviction would constitute a breach of the covenants of general warranty and for quiet enjoyment contained in a deed by the mortgagor to one who purchased after the mortgage, is not decided.

7. Such an eviction, however, would be a breach of the covenant *against incumbrances* contained in said deed; and the measure of damages is the consideration money paid, and interest from the date of the deed made on the foreclosure sale.

8. The complaint avers that the foreclosure sale and deed were made in 1862, that the premises were sold for unpaid taxes for the years 1862 to 1867, and several tax deeds duly executed upon such sales and recorded in 1866, 1867 and 1868, to persons other than the purchaser at the mortgage sale or any party to this suit; and that in 1867 defendant received a quit-claim deed from the purchaser on foreclosure. *Held*, on demurrer.

(1.) That said quit-claim deed conveyed no interest, the grantor's rights having been divested by tax deeds.

(2.) That plaintiff's right to damages for breach of defendant's covenant against incumbrances was not affected by said deed.

(3.) That even if it should appear that the tax deeds were invalid, defendant could not procure a title after plaintiff had been evicted, and compel him to accept it, either in satisfaction of the covenant against incumbrances or in mitigation of the damages for a breach thereof.

APPEAL from the Circuit Court for *Milwaukee* County.

Action on certain alleged breaches of covenants in deeds of conveyance. The plaintiff appeals from an order sustaining a

demurrer to the complaint. The grounds of demurrer, and all facts necessary to an understanding of the decision of this court, are stated in the opinion.

*J. F. McMullen*, for appellant, argued that if causes of action which might at least be set up in the same complaint (R. S., ch. 125, sec. 29) are improperly combined in a single count, the remedy is not by demurrer, but by motion to compel plaintiff to elect upon which cause of action he will proceed, or to state the several causes of action separately (*Harsen v. Bayaud*, 5 Duer, 656; *Dorman v. Kellam*, 14 How. Pr. R., 184; *Baxter v. The State*, 9 Wis., 38); that breaches of distinct covenants in the same conveyance may, however, be set up in the same count. *Fisk v. Tank*, 12 Wis., 276; *Rowland v. Phalen*, 1 Bosw., 43. 2. As to the effect of Taft's quit-claim deed to the defendant, counsel contended that although some earlier English cases had held that such a deed would have the effect to transfer to the plaintiff the estate lost by the decree and sale, this doctrine has since been overruled (*Right v. Bucknell*, 2 Barn. & Ad., 278; *Lloyd v. Lloyd*, 4 Drury & Warren, 369; 2 Connor & Lawson, 598; Rawle on Cov., 3d ed., 453); that the utmost that any court would go or has gone, is to hold that such a deed enures to the *benefit* of the first purchaser, and he must be content therewith, provided he is placed in *statu quo* and suffers no actual loss— which is not the case here; and that the law is now settled that the plaintiff has his election whether to accept such deed or not. *Blanchard v. Ellis*, 1 Gray, 195; *Tucker v. Clarke*, 2 Sandf. Ch., 96; Rawle on Cov., pp. 80, 422, 424, 426, 440. 3. The covenants of general warranty and of quiet possession, which are in effect the same (2 Washb. on R. P., 18, 661; Rawle on Cov., 222), run with the land, and are only broken by eviction, or by facts tantamount to an eviction. The sheriff's deed to Taft vested in him all the estate of all parties bound by the decree in foreclosure (*Tallman v. Ely*, 6 Wis., 244); and, the land being vacant, this was a constructive eviction, which gave a right of action upon the covenants named. *Curtis v. Deering*, 12 Me.,

499 ; *St. John v. Palmer*, 5 Hill, 599 ; *Moore v. Vail*, 17 Ill., 185 ; *Pitkin v. Leavitt*, 13 Vt., 379 ; *Claycomb v. Munger*, 51 Ill., 373 ; *Merryman v. Bourne*, 9 Wallace, 592 ; *McAlpin v. Woodruff*, 1 Disney, 339 ; *Kellogg v. Platt*, 4 Vroom, 328. See also argument of appellant's counsel in *Akerly v. Vilas*, 23 Wis., 212, 217, endorsed by the court as a clear exposition of the law. A total eviction takes place when the possessor is *wholly deprived of his rights in the premises.* Bouvier's Law Dic., "Eviction." Certain facts amounting in legal effect to an eviction are held to be a breach of the covenants for quiet possession and of warranty ; thus where a *habere facias possessionem* is sued out, and defendant thereupon yields up the possession without further compulsion, or yields up possession to a purchaser under a decree for the sale of the land, or the grantee voluntarily yields possession to him who has the better title (*Radcliff v. Ship*, Hardin, 292 ; *Stone v. Hooker*, 9 Cow., 157 ; *Loomis v. Bedel*, 11 N. H., 74); where there is a decree in equity directing the grantee to execute a deed and deliver possession to one who holds a prior right (1 Dev., 413); where there is a judgment of eviction (*Booker v. Bell*, 3 Bibb, 173); where the grantor has previously sold the land to another and given him possession, which he still retains (*Curtiss v. Deering*, 12 Me., 499); where the grantee is unable to obtain possession (*Park v. Bates*, 12 Vt., 385, 386); where the sheriff has delivered seizin to another, although no change has taken place in the possession (*Wyman v. Brigden*, 4 Mass., 150; *Hamilton v. Cutts*, id., 352; *Barrett v. Porter*, 14 id., 143); where there is a judgment in ejectment, the warrantor having been a party to the suit or had notice to defend (*Rhode v. Green*, 26 Ind., 83, 88; *Cooper v. Watson*, 10 Wend., 202; *Lunsford v. Turner*, 5 J. J. Marsh, 106). The principle underlying all these cases, and which solves many apparently irreconcilable, is, that the grantee, under a deed with covenants of quiet possession and general warranty, when he is satisfied that a title paramount to his exists, may voluntarily yield the possession, or refrain from obtaining possession, if himself out, and

rely for indemnity upon the covenants in his deed; but he will have to establish the title to which he has yielded as paramount to his, unless it was previously established in an action to which his grantor was a party, or which he had notice to defend. 4. If there is doubt as to whether the covenant of warranty was broken, there can be none as to the covenant *against incumbrances.* (1) This covenant is broken at once when the deed is delivered,[2] if there is an outstanding incumbrance. 4 Kent's Com., 555; Rawle on Cov., 336–357, and cases there cited; *Pillsbury v. Mitchell,* 5 Wis., 17; *Potter v. Taylor,* 6 Vt., 676; *Clark v. Swift,* 3 Met., 390. (2) If the incumbrance is changed into a title adverse and indefeasible, and the covenantee is not in possession, he is not bound to enter into the premises and become a trespasser, to give him a right to sue on the covenant and recover the consideration money and interest, even if the premises are vacant. *Jenkins v. Hopkins,* 8 Pick., 346. Actual damages may be recovered for the breach of this covenant, whenever actual loss or injury takes place; as from the payment by grantee of the incumbrance, or the change thereof into a paramount title, or the rescinding of a probable sale on account of its existence, etc. Rawle on Cov., 142 et seq.; *Chapel v. Bull,* 17 Mass., 213; *Garrison v. Sandford,* 7 Halsted, 261; *Christy v. Ogle,* 33 Ill., 295; *Noonan v. Ilsley,* 21 Wis., 138; *Jones v. Davis,* 22 id., 421; 24 id., 229; *Mecklem v. Blake,* 22 id., 495, 497, 498. The actual injury to plaintiff arising from the transactions with Schnitzler accrued before the deed from Taft to defendant was executed; and the taxes and tax deeds also accrued against the premises while Taft held the title. The record of these deeds gave the constructive possession to the grantee therein. As to the transaction with Schnitzler, it is only necessary for plaintiff to show that the latter was lawfully divested of his title through acts of defendant. It was not incumbent on plaintiff or Schnitzler to subject themselves to a suit to which they had no defense of any kind. Rawle on Cov., 245, and cases there cited; *Withy*

Nichol vs. Alexander.

*v. Mumford*, 5 Cow., 137; *Greenvault v. Davis*, 4 Hill, 643; *Barrett v. Porter*, 14 Mass., 143.

*Davis & Flanders* (with *Palmer, Hooker & Pitkin*, of counsel), for respondent:

1. In an action for a breach of a covenant against incumbrances, plaintiff must show that he has taken up the incumbrance or he is entitled to recover only nominal damages. *Pillsbury v. Mitchell*, 5 Wis., 17, 407; *Noonan v. Ilsley*, 21 id., 138. 2. Plaintiff was not evicted by the foreclosure suit. There is no allegation of adverse possession, or that the purchaser at the foreclosure sale demanded or sought to obtain possession. The presumption is, from his conveyance to defendant, that he never intended to assert possession. A decree of foreclosure and sale does not constitute an eviction. *Waldron v. McCarty*, 3 Johns., 471; *Kerr v. Shaw*, 13 id., 236; *Van Slyck v. Kimball*, 8 id., 197; *Miller v. Watson*, 5 Cow., 195. 3. Taft's deed to defendant, duly recorded before the commencement of this suit, enured to the benefit of plaintiff and his grantee, and is a bar to this action. The plaintiff cannot elect to reject the title and recover the consideration paid. Rawle on Cov., 322–44; *Jackson v. Stevens*, 13 Johns., 316; *Jackson v. Hubble*, 1 Cow., 613; *Baxter v Bradbury*, 20 Me., 260; *Somes v. Skinner*, 3 Pick., 52; *Wark v. Willard*, 13 N. H., 389; *Brown v. McCormick*, 6 Watts, 60; 31 Me., 177. 4. By operation of law the title passed to plaintiff upon the conveyance by Taft to defendant. Defendant is estopped by his warranty from claiming title to the premises. If it were even at plaintiff's option to accept the title as perfected or resort to the covenants in defendant's deed, he could not bring an action on them without first tendering defendant a deed of the premises. 5. Where plaintiff is entitled to only nominal damages, a judgment for defendant on his demurrer will not be reversed. *Taft v. Kessel*, 16 Wis., 273; *Laubenheimer v. Mann*, 19 id., 519.

LYON, J. This is an action brought to recover damages for

breaches of the covenants against incumbrances, for quiet enjoyment, and of general warranty, contained in two certain conveyances executed by the defendant to the plaintiff, of two parcels of land in the city of Milwaukee. Both conveyances were executed in 1855, and a cause of action for the breach of the covenants in each deed is separately stated in the complaint.

After setting out the execution, delivery and recording of such conveyances, the consideration therefor, and the covenants therein contained, the complaint alleges a sale of the same parcels or lots of land by the plaintiff to one Schnitzler, in 1859, at a price greater than the plaintiff paid therefor; a conveyance to Schnitzler with the same covenants; and the receipt of a portion of the purchase money by the plaintiff; and notes secured by mortgage executed by the purchaser on the same lots for the balance thereof.

As a breach of the defendant's covenants, the complaint states that when he conveyed the lots to the plaintiff, they were incumbered by a valid and subsisting mortgage, which the defendant had theretofore executed upon them to one Dexter Taft; that such mortgage was duly foreclosed by an action in the circuit court for Milwaukee county, in which action Taft was plaintiff, and the plaintiff, defendant and Schnitzler were defendants; that judgment of foreclosure and for the sale of the mortgaged premises was recovered therein, the property duly sold by virtue thereof to Taft, and duly conveyed to him by the sheriff of said county by the usual sheriff's deed directed by such judgment to be given the purchaser at such sale; and that such sale was made October 25, 1862, and such deed was recorded in the office of the register of deeds of said county.

The complaint further alleges that, before he sold to Schnitzler, the plaintiff expended upwards of four hundred dollars in grading one of the lots. It also alleges that at the time of such sale under the judgment of foreclosure, neither Schnitzler nor the plaintiff was in the actual possession of the lots; that thereafter the plaintiff refunded to Schnitzler, on his

demand, the money paid by him on account of his aforesaid purchase, surrendered the securities given for the balance of the purchase money, released him from his obligation to pay the same, and took back from Schnitzler a quit-claim deed of said lots; that after such sale and conveyance to Taft in 1862, the lots were returned and sold for the unpaid taxes thereon for the years 1862 to 1867, inclusive, and several tax deeds were duly executed upon such sales, and recorded, in 1866, 1867 and 1868, conveying said lots to persons other than Taft or either of the parties to this action; and that in June, 1867, the defendant received from Taft a quit-claim deed for said lots, and had the same duly recorded.

Upon these facts the plaintiff claims to recover the consideration paid for the lots, and interest.

To this complaint the defendant demurred on two grounds: 1st. That several causes of action have been improperly united — in that the plaintiff has united in the same count the several causes of action arising upon alleged breaches of a covenant against incumbrances, a covenant of warranty, a covenant of seizin, and a covenant for quiet possession. 2d. That it does not state facts sufficient to constitute a cause of action.

The circuit court sustained the demurrer, and thereupon the defendant offered and tendered to the plaintiff a judgment for one dollar as nominal damages for the breach of the covenant against incumbrances contained in the deeds of the defendant mentioned in the complaint, which offer and tender the plaintiff declined to accept, and has appealed to this court from the order sustaining the demurrer to the complaint.

The *first* ground of demurrer assigned seems to have been abandoned, as no mention is made of it in the brief of counsel for the defendant. But as the question whether the complaint is demurrable for the reason that several causes of action are improperly united therein is fairly presented by the record, a few observations thereupon may not be out of place. Were it true that several causes of action are stated in each count of

the complaint, it is now well settled that such defect cannot be reached by a demurrer in cases where such causes of action might be united in one complaint if separately stated. In New York it was formerly held otherwise, but the cases which so held were long since overruled in that state. See the cases on this subject cited in 4 Abbott's N. Y. Dig., 479, *Par.* 170, and note. The rule adopted in the later decisions in New York has been followed by this court in *Baxter v. The State*, 9 Wis., 38, where it was held that in such cases the remedy is not by demurrer, but by motion to strike out. In using this language in that case, I suppose Justice PAINE, who delivered the opinion, intended to be understood that the remedy in such case was by a motion to make the complaint more definite and certain by striking out all but one cause of action.

In this case there can be no doubt that all of the causes of action stated in the complaint may be properly joined in the same action. R. S., chap. 125, sec. 29, subdivisions 1 and 2.

But neither count in this complaint states several causes of action. Each count proceeds for damages for several breaches of a single contract, and, as was said by the chief justice in *Fisk v. Tank*, 12 Wis., 276, " it is obvious that in such a case, the plaintiff may, either at common law or under the code, in a single statement or count, allege as many breaches as he chooses, and when he comes to the trial be permitted to give evidence concerning any or all of them." (P. 299.)

The main question to be determined is, Does the complaint state facts sufficient to constitute a cause of action?

It is argued by counsel for the defendant that there was no such eviction of the plaintiff or his grantee from the premises conveyed by the defendant to him, as entitles the plaintiff to recover in this action; or, if he can recover at all, that he is only entitled to nominal damages; and it is further claimed that the deed from Taft to the defendant, which was executed and recorded before this action was commenced,

enured to the benefit of the plaintiff, and is a bar to a recovery in the action of anything more than nominal damages.

It does not seem to be denied that the plaintiff may maintain an action for the breach of the covenant against incumbrances; but it is insisted that on the facts stated in the complaint he can only recover nominal damages. And inasmuch as the defendant has tendered the plaintiff a judgment for nominal damages for a breach of that covenant, if he is entitled to such damages only, it is very doubtful whether the order of the circuit court sustaining the demurrer ought to be disturbed. In such a case it would seem just to remand the plaintiff to the circuit court for the relief which was offered him before he brought this appeal, and of which he may yet avail himself. But we do not decide this point.

The first question which will be considered on this branch of the case is, whether the sale and conveyance of the lots described in the complaint to Taft, under the foreclosure judgment as set forth in the complaint, gave the plaintiff a substantial right of action against the defendant upon any of the covenants in his deed to the plaintiff.

The mortgage to Taft was an incumbrance upon the lots existing at the time the defendant conveyed them to the plaintiff. It was then defeasible, but by the foreclosure judgment and the sale and conveyance to Taft, such incumbrance was changed into an absolute and indefeasible title to the lots, paramount to the title of the plaintiff, and it operated to defeat and entirely to extinguish the plaintiff's title, or, what is the same thing, the title of the grantee of the plaintiff, thereto.

When the conveyance to Taft was executed, neither the plaintiff nor his grantee Schnitzler was in the actual possession and occupancy of the lots, and such conveyance vested in Taft the constructive possession thereof, and divested the plaintiff and Schnitzler of all right to the possession of the same. Any person thereafter entering upon the lots under title derived

from the plaintiff would have been a trespasser, and liable to respond to Taft in damages therefor.

Whether these facts constitute an eviction of the plaintiff or his grantee, so that an action could be maintained upon the covenant for quiet enjoyment, or that of general warranty, it is not necessary to determine; for it seems to be well settled that when the incumbrance is such as to entirely defeat the estate conveyed, although its consequences have not been such as to cause an eviction within the scope of the covenants of warranty or for quiet enjoyment, the damages are measured by the consideration money and interest. Rawle on Covenants for Title, 164 (2nd edition); *Chappel v. Bull,* 17 Mass., 213; *Jenkins v. Hopkins,* 8 Pick., 346.

The cases in New York cited by counsel for defendant as holding a different doctrine, are all actions for breaches either of the covenant of warranty or of the covenant for quiet enjoyment.

The cases of *Pillsbury vs. Mitchell,* 5 Wis., 17, and id., 407, and *Noonan vs. Illsley,* 21 Wis., 138, are cited on behalf of defendant in support of the proposition that " in an action for the breach of a covenant against incumbrances, the plaintiff must show that he has taken up the incumbrance, or he is entitled to recover only nominal damages." In the former case the breach assigned was an outstanding tax sale certificate which the plaintiff had not paid, and it was held that the plaintiff could recover nominal damages only. In *Noonan vs. Illsley* the breach of the covenant assigned in the complaint was a mortgage which was paid by the mortgagor, and discharged within something less than two years after the covenant was given, and four or five years before the action was commenced. The circuit judge held that the covenantee was only entitled to nominal damages, and the question was not discussed or adjudicated in this court The principal question in that case related to the measure of damages for the breach of the covenant of *seizin,* and was introduced into the case by the supplemental answer of the defendant.

It will readily be seen that all of these cases cited and relied upon by counsel for the defendant, come far short of asserting any doctrine in opposition to that laid down by Rawle, and adjudicated in the Massachusetts cases above referred to.

I conclude, therefore, that when the lots in question were conveyed to Taft under the judgment in the foreclosure action, the plaintiff had a valid cause of action against the defendant upon his covenant against incumbrances, for a breach thereof, and that the measure of damages was the consideration paid for the lots by the plaintiff. And inasmuch as the plaintiff was entitled to the possession of the lots until such conveyance to Taft, and is not liable over to any third person for the use and occupation thereof before that time, I think, within the rule given in *Noonan v. Illsley, supra,* he could only recover interest on such consideration from the date of the deed to Taft.

The next question is, Does the deed of the lots from Taft to the defendant necessarily enure to the benefit of the plaintiff, and defeat his right of action to recover damages for breaches of the covenants contained in the defendant's conveyance of the lots to him?

Taking the complaint to be true — and for the purposes of this appeal it must be so taken — Taft's title to the lots was divested by the tax deeds described in the complaint, or by some of them, and when he executed such conveyance to the defendant in June, 1867, he had no title to convey, and none passed by his deed. As a matter of course, a deed which conveyel nothing could not deprive the plaintiff of any rights which he had before it was executed, nor affect his right of action against the defendant. This is too clear for argument.

These views are decisive of this appeal; and the order sustaining the demurrer must necessarily be reversed. But, inasmuch as the tax titles may prove invalid upon the trial, we deem it our duty to indicate an opinion as to the effect of Taft's deed to the defendant, conceding that the title to the lots was in him when he executed the same.

We have already seen that the deed to Taft vested in him the constructive possession of the lots, they being then unoccupied. After the execution of such deed, neither the plaintiff or his grantee had any title to the lots, nor the possession or the right to the possession thereof. The interest therein conveyed to the plaintiff by the defendant was absolutely and completely divested. The plaintiff and those claiming under him were deprived thereby of all rights in the lots. This is an eviction. It may not be an *actual* as distinguished from a *constructive* eviction; but it is still an eviction which, in my opinion, entitles the plaintiff to the same remedies that he would be entitled to had he or his grantee been turned out of the actual possession of the premises by due execution of a writ of assistance.

Under such circumstances, while it is, doubtless, the law that the defendant would be estopped by his covenants, as against the plaintiff or his grantee, to deny that he had a good title at the time he conveyed to the plaintiff, and while it may be said in a certain sense that because of such estoppel, the new title which the defendant took by his conveyance from Taft, enured to the plaintiff or to his grantee, we are of the opinion, and so hold, that after such eviction by a title paramount, the defendant cannot purchase the same and compel the plaintiff to take it against his will, either in satisfaction of the covenant against incumbrances or in mitigation of damages for the breach of it.

In adopting this principle, we follow the case of *Blanchard v. Ellis*, 1 Gray, 195 ; and refer to the opinion of the court by THOMAS, J., as a most clear and satisfactory statement of the law on the subject under consideration.

*By the Court.* — The order sustaining the demurrer to the complaint is reversed, and the cause remanded for further proceedings according to law.