McLennan, Appellant, vs. Prentice, Respondent.

*May 3 — May 20, 1890.*

*Deed: Breach of covenants of warranty: Evidence: Damages.*

In an action for the breach of the covenants in a warranty deed it appeared that the grantor did not have actual possession of the premises before or at the time the deed was executed, that he had never

delivered possession thereof to the grantee, and that the latter had never acquired possession under his deed. *Held*, that the burden of proof was upon the grantor to show that he was seised of an estate in fee at the time of the execution of the deed, and in the absence of such proof the grantee (who had tendered a reconveyance) was entitled to a rescission of the contract and to recover the purchase price paid, with interest from the date of the deed.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

In the complaint of the appellant, the plaintiff in the court below, there were two causes of action stated at length. The first cause of action was, in substance, an action to recover for a breach of the covenants in a deed of the defendant, by which the defendant undertook to convey to the plaintiff lots 1, 2, 3, 4, 5, and 6, in block 23, in the city of Ashland, for a consideration mentioned in said deed of $6,000. In this cause of action the plaintiff alleges that the said deed contained the following covenants: "(1) That the defendant was lawfully seised of said block 23 and every portion thereof; (2) that the defendant has good right to convey said block and every part thereof; (3) the defendant guaranties the grantee [the plaintiff], his heirs and assigns, the quiet possession of said block and every portion thereof; (4) that the said deed contained a covenant by the grantor, his heirs and personal representatives, that said block 23 was free and clear from all incumbrances, and that the grantor, his heirs and personal representatives, will forever warrant and defend the title and possession thereof in the grantee, his heirs and assigns, against all claims whatever."

The complaint alleges in proper form breaches of all the covenants in said deed. In the first cause of action it is also stated that in payment of a part of the $6,000, the purchase price mentioned in said deed, the plaintiff gave his promissory notes for the sum of $2,500, and, as security

for the payment of said sum, he executed a mortgage to the defendant upon said block 23. The complaint also alleges that the plaintiff has never been in possession of said block 23 or any part thereof; that he has not conveyed the same or any part thereof by deed or otherwise, nor in any way incumbered the same, except by the mortgage to secure the payment of said $2,500, part of the purchase money; and that before bringing this action plaintiff tendered to the defendant a deed reconveying said block 23 to the defendant, and demanded from him the surrender of his notes for said $2,500, and the payment to him of the sum of $3,500, with the lawful interest thereon, that being the sum paid by the plaintiff to the defendant as a part of the purchase price for said block.

The second cause of action alleges that the defendant was guilty of fraudulent representations in making the contract of sale of said block to the plaintiff, and asks relief on that ground. In the view we have taken of the case on this appeal, it is unnecessary to set up the facts alleged in this second cause of action. The defendant in his answer alleges, among other things, " that at the time of said bargain and sale, and for more than ten years prior thereto, the defendant was the owner in fee and entitled to the possession of all the land contained in said block 23, and all the riparian rights and shore privileges connected therewith, and duly conveyed the same and all thereof to the plaintiff by said warranty deed of April 2, 1887, as aforesaid, and by the delivery of said deed duly delivered to the said plaintiff the possession and all the rights of possession and seisin in, to, and of said block 23 and all thereof as aforesaid."

On the trial in the court below, the circuit judge made the following findings of fact and conclusions of law, viz.: "(1) That on the 2d day of April, 1887, at Ashland, Wis., defendant sold to the plaintiff, for the sum of $6,000, all of

block twenty-three (23) of Ellis' division of Ashland, according to the recorded plat thereof, in the county of Ashland, state of Wisconsin, and duly executed, signed, sealed, and acknowledged, and delivered to the plaintiff as grantee therein, a warranty deed in statutory form of all of the above-described premises; (2) that said *Frederick Prentice* was, on the 2d day of April, 1887, the owner in fee of said premises, subject to a mortgage of Edwin Ellis for a portion of the purchase price thereof; (3) that prior to the commencement of this action the said defendant paid to said Ellis the full amount due on account of said mortgage, and then and there became the owner in fee simple of the premises, free and clear of all liens and incumbrances; (4) that at the time of the sale of said premises by the defendant to the plaintiff, the said defendant made no false and fraudulent representations in regard to the title to said premises, or to the quantity of land contained therein; (5) that there has been no breach of covenants contained in the defendant's said deed to the plaintiff. And as a conclusion of law the court finds that the defendant is entitled to a judgment of no cause of action, and of a dismissal of the complaint, together with the costs herein, and the clerk is hereby directed to enter judgment accordingly."

To the second, third, fourth, and fifth findings of fact the plaintiff duly excepted. He also excepted to the conclusion of law.

For the appellant there was a brief by *T. L. Kennan* and *C. T. Kennan*, and oral argument by *T. L. Kennan*.

For the respondent there was a brief by *Tomkins, Merrill & Smith*, and oral argument by *W. M. Tomkins*.

TAYLOR, J. As stated above, we shall not consider upon this appeal whether the defendant made any false representations in regard to the title or quantity of land contained in said block 23.

After reading all the evidence contained in the record, it seems to us very clear that the learned judge erred in finding that the defendant, at the time he made the conveyance of block 23 to the plaintiff, was the owner of said block in fee; and, *second*, in finding that there was no breach of the covenants contained in defendant's deed to the plaintiff. On the trial of the action there was no evidence introduced on the part of either party showing, or tending to show, that on the 2d day of April, 1887, the defendant had any title, in fee or otherwise, to any part of said block 23. The evidence, on the other hand, shows that the defendant was not in the actual possession of said block or any part thereof either before or at the time of the execution and delivery of said deed; that he did not deliver the actual possession thereof to the plaintiff; and that the plaintiff never took possession of said block or any part thereof under his said deed. The evidence also shows that, as to that part of said block which was not covered by the waters of the lake, the Wisconsin Central Railroad Company had the actual possession of nearly the whole thereof.

The mistake made by the learned circuit judge upon the trial was in holding that in this action for a rescission of the contract of sale for a breach of the covenants of this deed the burden of proof was upon the plaintiff to show that the defendant had no title in fact, and that, in the absence of any proof on the subject, the presumption was that the defendant had title. Under the complaint, the plaintiff had the right to recover upon a breach of the covenant of seisin, and on the covenant of a right to convey, upon proof of the execution and delivery of the deed and payment of the purchase money, and that the actual possession of the property had never been taken by the plaintiff under his deed. The rule as to the burden of proof in such case was established by this court in *Mecklem v. Blake*, 16 Wis. 102, and was followed in *Beckmann v. Henn*, 17 Wis. 412, and *Noonan v.*

*Ilsley*, 21 Wis. 144. This rule has never been questioned in this court, and it was referred to with approval in *Ayres v. C. & N. W. R. Co.* 71 Wis. 382. It is unnecessary to quote other authorities in support of the rule. The defendant having admitted the making of the deed, and the deed being in evidence showing the covenants, and the evidence in this case showing affirmatively that no possession of the granted premises was ever given by the grantor to the grantee, and that no possession had ever been in fact taken by such grantee under his deed, the burden of showing that the grantor was seised of an estate in fee at the time of the making and delivery of the deed was upon the grantor. What evidence there was produced on the part of the plaintiff shows *prima facie* that the legal title to two of the lots was not in the defendant at the time of the execution and delivery of the deed. There was no evidence given as to who held the title to lots 2, 3, 4, and 5. In this state of the evidence, the plaintiff was clearly entitled to have the contract of sale rescinded for the breach of the covenant of seisin, etc.

The question as to what amount the plaintiff is entitled to recover upon the breach of the covenant of seisin, when the grantee was not put in the actual possession of the property conveyed, and when he has never in fact taken such possession under his deed, has also been settled by this court in *Nichol v. Alexander*, 28 Wis. 118, and *McInnis v. Lyman*, 62 Wis. 191. In the last case Justice Lyon says: "In *Nichol v. Alexander*, 28 Wis. 118, it was held that if a grantor, by full covenant deed of warranty, assumes to convey unoccupied lands to which he has no title, there is at once a constructive eviction of the grantee which entitles him to the same remedies that he would be entitled to had he been turned out of the actual possession of the land by legal process. It was also there held that if, in such a case, the grantor subsequently obtains a good title to the

land, while he would be estopped to deny the title of his grantee, yet he cannot compel the latter, after his eviction by title paramount, to accept such after-acquired title in satisfaction of the covenants in his deed, or in mitigation of damages for a breach thereof. As to constructive eviction, see Rawle, Cov. (2d ed.), 268, and cases cited in note." There is nothing in the language of the court in the case cited in conflict with the decision of this court in the case of *Mecklem v. Blake*, 22 Wis. 495. It that case it was held by this court that a grantee in the undisturbed actual possession of the property conveyed to him by a warranty deed from his grantor, and when such actual possession is taken under such deed, can recover only nominal damages for a breach of the covenant of seisin. In that case the learned Chief Justice Dixon says: "This doctrine is furthermore supported by the decisions of this and other courts, that where a deed is made and accepted, and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase money, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of the defect of title;" citing *Taft v. Kessel*, 16 Wis. 273; *Horton v. Arnold*, 18 Wis. 212; *Ludlow v. Gilman*, 18 Wis. 552; *Hall v. Gale*, 14 Wis. 54. He further says: "Nothing could be more inconsistent than to hold that the purchaser in possession cannot resist an action to compel payment of the purchase money, and yet that he may turn around and immediately recover it back by a suit upon the covenant of seisin." The learned chief justice also says in his opinion: "If he [the grantee] desired to rescind for want of title, and to recover back the purchase money paid and interest, he should have tendered Blake a reconveyance and the possession, and then he could have maintained his action. *Taft v. Kessel, supra*." This is what the plaintiff in the case at bar did before commencing his action, as will be seen from the statement

---

above made as to the facts set out in his complaint. Whether he was under any obligation to make such tender of a reconveyance before commencing his action in a case like the one at bar, when there never had been any possession delivered by the grantor or taken by the grantee under his deed, in order to entitle himself to recover the purchase price, is a question which need not be determined in this case. The tender of the deed reconveying the property is admitted by the defendant in his answer.

Upon the evidence in the case, the plaintiff is entitled to a rescission of the contract of sale, and to recover the purchase price, with interest from the date of the deed, unless the defendant shall deliver up and cancel the note and mortgage of the plaintiff for the $2,500; and, in case of such delivery and cancellation, the plaintiff will be entitled to judgment for the sum of $3,500, with interest from the date of said deed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to enter judgment in accordance with this opinion; but the circuit court may, in its discretion, on the application of the defendant, for cause shown and upon such terms as shall be just, grant a new trial upon all the issues in the case.