| 93 | 5 |
| 10] | 283 |

| 93 | 5 |
| 116 | 48 |

ALLIANCE ELEVATOR COMPANY, Respondent, vs. WELLS and another, Appellants.

*March 13 — March 27, 1896.*

*Pleading: Joinder of causes of action: Landlord and tenant.*

A cause of action for the wrongful withholding of leased premises after notice of intention to quit, subjecting the lessees to liability for double rent under sec. 2185, R. S., and a cause of action for the wrongful conversion of personal property included in the same lease, by failure to deliver it to the lessor as therein provided, may be joined, under sec. 2647, S. & B. Ann. Stats., since they "arise out of the same transaction or transactions connected with the same subject of action."

APPEAL from an order of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *W. F. McNally*, and for the respondent on that of *S. N. Hawkins.*

CASSODAY, C. J. February 20, 1892, the plaintiff, by an instrument in writing, leased and let to the defendants, as copartners, a certain elevator in New Richmond, and a grain warehouse at Ormes Station, and a grain warehouse at Deer Park, and a grain warehouse at Jewett Mills, property of the plaintiff; and it was therein expressly agreed that the defendants take thereunder all the right, interest, and privileges of the plaintiff in and to the premises on which said warehouses were respectively situated, and contiguous to the same, together with the good will of the plaintiff's business; also all scales, trucks, scoops, and other appurtenances then in said warehouses; the term of the lease to commence at the date thereof, and terminate September 1, 1892. But it was expressly agreed therein that the defendants should have the right and privilege to continue the lease in force from year to year after September 1, 1892, not exceeding in all two years, by giving notice in writing to the president or secretary of the plaintiff of their election to do so thirty days in advance of the time that said lease would otherwise terminate. The defendants agreed therein to pay the plaintiff for the use of said property so leased the sum of $35.83 per month, the rental thereof to the 1st day of April next thereafter to be paid at the time of the delivery of said lease, and monthly thereafter during the continuance of the lease. And it was therein also further agreed that in case of failure of the defendants to pay the rent at the time and in the manner specified, then and in that case it should be lawful for the plaintiff to re-enter and take pos-

session of the property thereby leased, by summary process, under the statute in such case made and provided.

August 21, 1894, the plaintiff commenced this action, and the complaint, after alleging the terms of the lease, among other things alleged, as a first cause of action, in effect, that the notice of election to continue said lease in force for one year from September 1, 1893, was not given as required by the lease, but, on the contrary, the defendants notified the plaintiff in August, 1893, that they would not so continue the lease and the hiring after September 1, 1893, and they gave notice to the plaintiff of their intention to quit the premises and deliver the possession thereof to the plaintiff September 1, 1893; that the defendants did not deliver up the possession thereof at the time specified in their notice, but, on the contrary, unlawfully withheld the possession thereof, thus depriving the plaintiff of its rights therein, either of renting or hiring said warehouses to others or of using them itself, and the defendants continued unlawfully to hold the possession thereof, except one house, until removed therefrom by the order of the court, in July, 1894, by reason of which the plaintiff was put to great expense, bother, vexation, and delay, and deprived of one year's rental of said warehouses; that the defendants had not paid the rent, nor any part thereof, since August, 1893, and that by force of sec. 2185, R. S., the defendants had become and were then indebted to the plaintiff in double the value of the rental, to wit, $860. And for a second and separate cause of action against the defendants the plaintiff further alleged, in effect, that by the terms of the agreement the defendants agreed to deliver up to the plaintiff the said scales, scoops, and other such like articles, mentioned in the lease, September 1, 1893, but had failed and neglected so to do; and, on the contrary, had wrongfully and unlawfully converted said goods to their own use, to the damage of the plaintiff in the sum of $125.35. Wherefore the plaintiff de-

manded judgment for the amount due on both of said causes of action, to wit, the sum of $985.35. From an order overruling a demurrer to said complaint the defendants bring this appeal.

A reversal is sought on the ground that the two causes of action have been improperly united. The first cause of action is for the unlawful withholding the possession of the several premises by the defendants after the expiration of the lease. The second cause of action is for the failure and neglect of the defendants to deliver up the scales, trucks, scoops, etc., at the expiration of the lease, and that they wrongfully and unlawfully converted the same to their own use. The unlawful act complained of in both counts is the wrongful withholding of the possession contrary to the express or implied agreements in the lease. In other words, the breach of the same contract is the foundation for each alleged cause of action. True, such wrongful withholding of the real estate subjected the defendants, under the statutes, to the liability of paying double rent. Secs. 2185, 2186, R. S. Such double liability is penal in its nature, at least for one half the amount. *Chase v. Dearborn,* 23 Wis. 443, 445. Counsel contends that that cause of action is *ex contractu* while the other alleged cause of action is *ex delicto.* But, as indicated, the only sense in which either can be regarded as *ex contractu* is that each is based upon and grows out of the breaches of the same contract. Certainly, no good purpose could be served by requiring two separate actions to be brought by the same plaintiff against the same defendants, when each action would necessarily be based upon the same contract. Seemingly to obviate such an anomaly the statute provides, in effect, that the plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable or both, where they arise out of the same transaction or transactions connected with the same subject of ac-

tion. Sec. 2647, S. & B. Ann. Stats., and cases cited in the notes. We are clearly of the opinion that the case at bar comes within this provision of the statute, and hence that the two alleged causes of action are properly united. This sufficiently appears from numerous adjudications of this court. *Whereatt v. Ellis,* 58 Wis. 625; *Gilbert v. Loberg,* 83 Wis. 189; *Van Oss v. Synon,* 85 Wis. 661; *Gilbert v. Loberg,* 86 Wis. 661; *Collins v. Morrison,* 91 Wis. 324. Whatever is said in *Lane v. Cameron,* 38 Wis. 603, inconsistent with this ruling, must be regarded as overruled.

*By the Court.*— The order of the circuit court is affirmed.