KOEPKE, Respondent, vs. WINTERFIELD, Appellant.

*November 12—November 28, 1902.*

*Deeds: Covenant of seisin: Breach: Cause of action: False representations: Pleading: Joinder of causes of action.*

1. In an action against a vendor for breach of his covenant of seisin the complaint, among other things, alleged that the vendor never had possession, actual or constructive, of the land conveyed, nor any title or interest therein, and that other persons named had the title in fee simple and lawful right to the land under recorded tax deeds. *Held,* that a cause of action for breach of the covenant of seisin was stated, although tax deeds do not always divest the title of the original owner.

2. In such case where the cause of action alleged is not for rescission of the conveyance, but for damages for breach of the covenant of seisin, the plaintiff need not allege a reconveyance or an offer to reconvey the land.

3. Where a complaint attempts to state two causes of action, and the facts in either are insufficient to constitute a good separate cause of action, a demurrer will, not lie for misjoinder.

4. In an action against a vendor for false representations in the sale of land, the complaint, among other things, alleged that the representations as to title were made with intent to defraud the plaintiff; that she, relying thereon, conveyed her house and lot to defendant in exchange for the land, and that the vendor knew, at the time, of outstanding tax deeds, ownership and title. *Held,* that the pleading stated facts sufficient to constitute a cause of action for damages for the alleged fraud.

5. Under sec. 2647, Stats. 1898, providing that plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or

both, where they arise out of the same transaction, or trans-
actions connected with the same subject of action, an action
against a vendor for breach of his covenant of seisin may be
joined with an action against him for false representations in
the sale of the same land.

APPEAL from an order of the circuit court for Milwaukee
county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to
the complaint alleging two causes of action. The first cause
of action is to the effect that in consideration of the convey-
ance of a house and lot, described, to the defendant (with an
incumbrance thereon), of the value of $800, the defendant
executed, acknowledged, and delivered to the plaintiff a war-
ranty deed, with full covenants, of 160 acres of land, de-
scribed, January 15, 1901; that the land was at the time wild
and unoccupied, and the defendant was not and never had
been in the actual or constructive possession thereof, and
had no title nor interest in or to the same or any part thereof,
but, at the time of the execution and delivery of such deed,
the title and possession of the land and every part thereof
was vested and held and owned by other parties, as therein
alleged; that the defendant had full knowledge of the ex-
istence of such outstanding title and possession at the time he
so in form conveyed to the plaintiff, and that, by reason of
the facts stated, the plaintiff had suffered damages in the sum
of $800, for which amount, with interest from January 15,
1901, judgment is demanded. The second cause of action
alleged is to the effect that the defendant obtained from the
plaintiff the deed of the house and lot mentioned by falsely
and fraudulently representing to the plaintiff that he was the
owner of, and had the title in fee simple to, the 160 acres of
land described, that the same was of the value of $800 when
in fact its value did not exceed $150, and that the same was
free and clear from all incumbrances. That the plaintiff,
relying upon and believing such representations to be true,
conveyed the house and lot to the defendant, and received in

exchange the said warranty deed of the 160 acres mentioned. That the defendant was not at the time the owner in fee simple of the 160 acres of land, and had no title thereto nor interest therein, but that the title thereof was January 15, 1901, in the parties named in the other cause of action, and had been for more than two years; and further reiterated the allegations of the first cause of action, and alleged damages to the plaintiff in the sum of $800, and prayed judgment for that amount, with interest from January 15, 1901.

The demurrer to the complaint is based upon the following grounds: (1) That several causes of action have been improperly united; (2) that the first cause of action alleged does not state facts sufficient to constitute a cause of action; (3) that the second cause of action stated does not state facts sufficient to constitute a cause of action; (4) that the complaint does not state facts sufficient to constitute a cause of action.

For the appellant the cause was submitted on the brief of _Nye & Mock._

_F. W. Houghton,_ for the respondent.

CASSODAY, C. J.   Nothing need be said as to the fourth ground of demurrer.   The complaint only attempts to state two separate causes of action.   There is no pretense that the complaint, as a whole, states any other cause of action.

2. The contention that the facts alleged are insufficient to constitute a cause of action for a breach of the covenant of seisin is without foundation.   The fact that tax deeds do not always divest the title of the original owner is without significance, since it is alleged that the defendant never had the actual or constructive possession, nor any title nor interest in the land, and that the other persons named had the title in fee and lawful right to the land under recorded tax deeds. The defendant further contends that the allegations fail to state a cause of action because it is not alleged that the plaint-

iff has reconveyed or offered to reconvey to him the land de-
scribed in the deed to the plaintiff. The alleged cause of
action is not for rescission of the conveyance, but for dam-
ages for the breach of the covenant of seisin. In such an
action, it is said by a standard text-writer:

"As respects the pleadings in an action upon this covenant,
it has been settled from an early period that in assigning the
breach of the covenants for seisin and of good right to convey
it is unnecessary to do more than negative the words of the
covenant generally." Rawle, Covenants (5th ed.) § 61.

"As a consequence of this, it is well settled that in an action
on the covenant for seisin it is unnecessary either to aver an
eviction in the declaration or lay any special damage." Id.
§ 62.

It was held by this court long ago:

"In an action for a breach of covenant of seisin, the burden
is upon the defendant to show his title, and not upon the
plaintiff to show the want of it." *Beckmann v. Henn,* 17
Wis. 412; *Mecklem v. Blake,* 16 Wis. 102.

So this court has since held:

"If a grantor assumes to convey with full covenants of
warranty unoccupied lands to which he has no title, there is
at once a constructive eviction of the grantee which entitles
him to the same remedies that he would be entitled to had he
been turned out of the actual possession of the land by legal
process." *McInnis v. Lyman,* 62 Wis. 191, 194, 22 N. W.
405, 406. To the same effect, *Nichol v. Alexander,* 28 Wis.
118; *McLennan v. Prentice,* 77 Wis. 124, 128, 45 N. W.
943; *Wallace v. Pereles,* 109 Wis. 316, 323, 85 N. W. 371.

We must hold that the facts alleged are sufficient to con-
stitute a cause of action for the breach of the covenant of
seisin.

3. If, as contended by the defendant, the second cause of
action fails to allege facts sufficient to constitute a cause of
action, then there is no ground for claiming that several
causes of action have been improperly united. It is only
where the complaint states two or more good causes of action
that a demurrer will lie for misjoinder. *Bassett v. Warner,*

23 Wis. 673; *Truesdell v. Rhodes*, 26 Wis. 215; *Willard v. Reas*, 26 Wis. 540; *Lee v. Simpson*, 29 Wis. 333; *Schiffer v. Eau Claire*, 51 Wis. 385, 8 N. W. 253; *Hiles v. Johnson*, 67 Wis. 517, 30 N. W. 721. But we are constrained to hold that the second cause of action does allege facts sufficient to constitute a cause of action for damages for the alleged fraud. It is alleged that the false representations were made with intent to defraud the plaintiff, and that she, relying thereon and believing the same to be true, conveyed her house and lot to the defendant, and that the defendant knew at the time of such outstanding tax deeds and ownership and title.

4. The remaining question is whether the two causes of action are improperly united. The statute declares that "the plaintiff may unite in the same complaint several causes of action, whether they be such as were formerly denominated legal or equitable, or both, where they arise out of: (1) the same transaction or transactions connected with the same subject of action." Sec. 2647, Stats. 1898. It is very clear that the two causes of action both arose out of the same transaction,—the exchange of the house and lot for the wild and unoccupied land. The case comes within the principle of the recent rulings of this court, wherein it was, in effect, held that "a cause of action for the wrongful withholding of leased premises after notice of intention to quit, . . . and a cause of action for the wrongful conversion of personal property included in the same lease, by failure to deliver it to the lessor as therein provided, may be joined, . . . since they 'arise out of the same transaction or transactions connected with the same subject of action.' " *Alliance E. Co. v. Wells*, 93 Wis. 5, 66 N. W. 796, as explained in *State ex rel. Alliance E. Co. v. Helms*, 101 Wis. 280, 283, 284, 77 N. W. 194; *Endress v. Shove*, 110 Wis. 133, 139, 85 N. W. 653. We must hold that the two causes of action were properly united.

*By the Court.*—The order of the circuit court is affirmed.