THE STATE EX REL. ALLIANCE ELEVATOR COMPANY VS. HELMS,
Circuit Judge.

*November 3 — November 22, 1898.*

*Landlord and tenant: Recovery of double rent: Judgment: Collateral attack: Tort or contract action? Imprisonment.*

1. *It seems* that sec. 2185, R. S. 1878 (authorizing the recovery of double rent from a tenant who holds over after giving notice of his intention to quit), applies only to cases where the term is indefinite and the tenant has power to terminate it by giving notice.

2. In an action brought under said sec. 2185 against a tenant who held under a lease for a definite term, a recovery of double rent under that section necessarily involves a decision that the action was properly brought thereunder, and such decision cannot be attacked in any collateral proceeding.

3. An action under sec. 2185, R. S. 1878, to recover double rent from a tenant holding over after giving notice of his intention to quit, is one upon an implied contract and not one in tort, and the defendant is not liable to imprisonment upon execution on a judgment in such an action.

4. If a judgment is based in part upon a cause of action on contract, there can lawfully be no execution against his body, though it was based in part also upon a cause of action in tort. Imprisonment upon such a judgment would be imprisonment for debt.

CERTIORARI to review proceedings had before E. W. HELMS, Judge of the Circuit Court for St. Croix county. *Order affirmed.*

George A. Wells and Thomas F. Mulrooney were imprisoned under an execution against the body, and brought *habeas corpus* proceedings before *Hon. E. W. Helms*, circuit judge, and were discharged from the imprisonment. The execution was issued upon a judgment in favor of the relator in this proceeding, and upon the discharge of Wells and Mulrooney the relator sued out a writ of *certiorari* from this court to review the said *habeas corpus* proceedings.

Upon the return of the writ it appeared that the judgment on which the execution was based was rendered October 6,

The State ex rel. Alliance Elevator Co. vs. Helms.

1896, in favor of the relator, for $1,166.63 damages and $63.37 costs. The judgment was rendered by default. The complaint contained two causes of action, and, omitting the title, read as follows:

"(1) That the plaintiff is a corporation duly incorporated under the laws of this state, and that the defendants were, at the time of entering into the contract hereinafter mentioned, copartners. That on the 20th day of February, 1892, at said county of St. Croix, the plaintiff rented to the defendants, and the defendants hired from the plaintiff, those certain grain warehouses more particularly described in the articles of covenant hereto annexed and marked 'Exhibit A,' together with the scales, trucks, scoops, and other appurtenances belonging to said warehouses, for the monthly rental of thirty-five and $\frac{83}{100}$ dollars, payable monthly in advance on the 1st day of each month. That on said 20th day of February, 1892, the defendants entered into a covenant with the plaintiff, under their hands and seals, a copy of which is annexed hereto and made a part of this complaint, marked 'Exhibit A.' That said Wells & Mulrooney in and by said agreement agreed to quit and deliver up the possession of said premises to the plaintiff on the 1st day of September, A. D. 1893; and it was further agreed in and by said covenant that if said Wells & Mulrooney desired the privileges of continuing in the possession of said property any longer than September 1, 1893, they should give notice in writing to said plaintiff of their election so to do, thirty days in advance of the time that the lease would otherwise terminate. That the notice of election to continue said agreement in force for one year from September 1, 1893, was not given as required by the terms of said covenant; but, on the contrary, said Wells & Mulrooney notified said plaintiff in August, 1893, that they would not so continue the lease and the hiring after said 1st day of September, 1893, and they gave notice to the plaintiff of their intention to quit the premises.

and deliver the possession, thereof to said plaintiff on said 1st day of September, 1893. That, unless the buildings mentioned in said 'Exhibit A' could be used during the fall months of 1893 for the purposes of grain warehouses, they would be practically of no value to the plaintiff after that time, until the fall of 1894, all of which was well known to the defendants. That said defendants did not deliver up the possession thereof at the time specified in their notice, but, on the contrary, unlawfully withheld the possession thereof, thus depriving the plaintiff of its rights herein, either of renting or of hiring said warehouses to others, or of using them itself; and said defendants continued unlawfully to hold the possession thereof, except one house, until removed therefrom by the order of the circuit court of St. Croix county in July, 1894, by reason of which the plaintiff was put to great expense, bother, vexation, and delay, and deprived of one year's rental of said warehouses. That the defendants have not paid rent, nor any part thereof, since August, 1893, and that whereby, by force of the statutes (particular reference being made to sec. 2185, R. S.), the defendants have become, and are now, indebted to the plaintiff in double the value of rental, to wit, in the sum of $860.

"And for a second and separate cause of action against said defendants the plaintiff further alleges: That on the 20th day of February, 1892, the plaintiff leased of the defendants, and the defendants hired of the plaintiff, certain articles of property connected with certain grain warehouses, such as scales, trucks, scoops, and such like articles as are kept in and about grain warehouses, and which articles are mentioned in 'Exhibit A,' hereto annexed, and also 'Exhibit B,' hereto annexed, both of which exhibits are hereby made a part of this complaint. That said articles were the property of the plaintiff. That by the terms of the agreement the defendants agreed to deliver up said articles of property September 1, 1893, but having failed and neglected

so to do, but on the contrary, have wrongfully converted said goods to their use, as plaintiff is informed and believes, to the damage of the plaintiff in the sum of $125.35."

Attached to the complaint were two exhibits, being a copy of the lease and a list of certain personal property, neither of which is deemed necessary to be printed.

For the relator there was a brief by *Samuelson & Casey,* and oral argument by *Thomas M. Casey.* To the point that the liability to double rent is penal in its nature, at least to half the amount, and the action is properly in *tort,* they cited *Graham v. C., M. & St. P. R. Co.* 53 Wis. 481; *Smith v. C. & N. W. R. Co.* 49 id. 448; *Alliance Elevator Co. v. Wells,* 93 id. 5; *Regan v. Fosdick,* 43 N. Y. Supp. 1102; 2 Taylor, Landlord & T. (8th ed.), § 529; *Johnstone v. Hudlestone,* 4 Barn. & C. 922.

*W. F. McNally,* for the respondent.

WINSLOW, J. The question before us is whether the first cause of action stated in the complaint in the action of the *Alliance Elevator Company v. Wells & Mulrooney,* is a cause of action upon contract, or whether it is a cause of action in tort for the wrongful detaining of property or for a penalty. If it be a cause of action upon contract, then no execution against the person could issue upon the judgment thereon, and the defendants were rightly discharged. Const. Wis. art. I, sec. 16. But if it be a cause of action in tort for wrongfully detaining property or for a penalty, within the meaning of subd. 1, 2, sec. 2689, R. S. 1878, then the action might have been commenced by order of arrest, and an execution against the person might issue after the return of a property execution unsatisfied. R. S. 1878, sec. 2973. The complaint was before this court upon demurrer in *Alliance Elevator Co. v. Wells,* 93 Wis. 5. It was then held that the two causes of action were properly united in one action, because they arose out of the same transaction. It was not

then decided whether the first cause of action was upon contract or in tort, although the last sentence of the opinion, in which *Lane v. Cameron*, 38 Wis. 603, is practically overruled, is difficult to be understood, except upon the theory that the first cause of action was considered to be upon contract. However, the point was certainly left undecided in that case, but it is now squarely before us for decision.

It is very certain that the pleader, in drawing the complaint, intended to state a cause of action for double rent, under sec. 2185, R. S. 1878, because he so states, and certainly he attempts to allege the necessary facts. That section reads as follows: " If any tenant shall give notice of his intention to quit the premises by him holden, and shall not accordingly deliver up the possession thereof at the time in such notice specified, such tenant, *his executors and administrators*, shall from thenceforward pay to the landlord, his heirs or assigns, double the rent which he should otherwise have paid, to be recovered at the same time and *in the same manner* as the single rent, and such double rent shall continue to be paid during all the time such tenant shall continue in possession as aforesaid." In the present case it will be seen by the allegations of the complaint that the lease was for a definite period, ending September 1, 1893, subject to an option to the tenants to renew it for a year by giving thirty days' notice in writing. Such notice was not given, and hence the term came to an end September 1, 1893, by the terms of the lease. It seems more than doubtful whether sec. 2185, R. S. 1878, was intended to apply to such a case at all. Directly following two sections relating solely to tenancies at will or by sufferance, it seems, both by its terms and by its position in the statute, to refer to cases where the term is indefinite and the tenant has the power to terminate it by giving notice. 2 Wood, Landlord & T. (2d ed.), § 556; 2 Taylor, Landlord & T. (8th ed.), § 529; *Regan v. Fosdick*, 43 N. Y. Supp. 1102, 19 Misc. 489; *Johnstone*

*v. Hudlestone,* 4 Barn. & C. 922.   It is not necessary to decide this question, however.   The plaintiff, in his complaint, stated facts which he claimed brought the case within that section, and he recovered double rent under that section.   Necessarily, the court passed on the question whether the case was one properly brought under that section, and held that it was.   This may have been error, but it effectually decided the question in that case, so that it cannot be attacked in any collateral proceeding.

Therefore the question is whether an action under sec. 2185 is an action upon contract or in tort.   We are of the opinion that it is an action upon implied contract.   The language of the section indicates this quite clearly.   The person holding over is called a " tenant " during the entire time of his holding, both before and after his notice.   This is quite noticeable when the language of the following section, providing for the wilful holding over by tenants for life or years, is noticed.   In this last-named section (sec. 2186) the tenant holding over is not called a tenant after his term has expired, but is called " such person holding over." Again, sec. 2185 provides that the executors and administrators of the tenant shall be liable to pay the double rent, as well as the tenant himself.   Certainly it could not have been meant that the executors or administrators were to be held liable in a tort action, and subject to imprisonment upon execution against the person.   But the conclusive consideration clearly is that the section provides that the double rent is to be recovered *at the same time and in the same manner as the single rent.*   Single rent is recoverable in a contract action, and, if the statute means anything, it means that the double rent is to be recovered in the same form of action.   The statute steps in and doubles the rent, but goes no further.   The rent at the increased rate is still *rent* for the use of the property, and not *damaqes* for the wrongful withholding thereof.

These conclusions necessitate affirmance of the order of discharge. If the judgment was based in part upon a cause of action upon contract, there could be no execution against the body, even though it was based in part also upon a cause of action in tort. *Miller v. Scherder*, 2 N. Y. 262. Imprisonment upon such a judgment is imprisonment for debt.

*By the Court.*— Order affirmed.