Argued March 13, decided March 18, 1913.

LANE v. WORD, Sheriff.

(130 Pac. 741.)

**Habeas Corpus—Return—Judgment Roll in Another Proceeding.**

1. Where petitioner was arrested for non-payment of a debt alleged to have been fraudulently contracted, and the return to a writ of habeas corpus to determine the validity of his incarceration was not traversed, it was not necessary for the court to consider the judgment roll in the original action.

**Habeas Corpus—Arrest in Civil Action—Fraudulently Contracted Debt—Return.**

2. Section 218, L. O. L., provides that if the action is one in which the defendant might have been arrested as provided in Section 259 an execution against his person may be issued after

the return of an execution unsatisfied, and when the cause of action is also a cause of arrest as provided in Section 259 such execution may issue of course, or when the defendant has been guilty of fraud in contracting the debt for which the action is brought or in concealing the property for the conversion of which the action is brought he may be arrested. Held, that where the return to a writ of habeas corpus to review the validity of petitioner's arrest on a judgment in a civil action alleged that the cause of action on which the judgment was rendered was a cause of arrest as prescribed by Section 259, and that it appeared from the record that it was for money received by petitioner as agent in a fiduciary capacity, and that he had fraudulently converted the same and was guilty of fraud in incurring the obligation, it was sufficient to show that the arrest was proper.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE BURNETT.

The plaintiff, A. Lane, secured a writ of *habeas corpus* to inquire into the legality of his imprisonment by the defendant, T. M. Word, as sheriff of Multnomah County, Oregon. The return admitted having custody of the plaintiff and alleged that he was detained by virtue of a writ of execution issued in a civil action wherein one Ball was plaintiff and Lane, the petitioner, was defendant, upon a judgment rendered in that action in the circuit court of Multnomah County. The return states the execution according to its legal effect and also sets out a copy, which is as follows, after the title of the cause:

"State of Oregon,      } ss.
　County of Multnomah. }

"To the Sheriff of Multnomah County, Greeting:
　"Whereas on the 26th day of November, 1910, by consideration of the circuit court of the State of Oregon for the County of Multnomah, in an action then pending in said court, W. F. Ball, plaintiff, recovered judgment against A. Lane, defendant, for the sum of $2,800 with interest thereon at the rate of six per cent per annum from November 26, 1910, and the further sum of $62.30 costs and disbursements, which judgment was enrolled

and docketed in the clerk's office of said court in said county on November 26, 1910, and

"Whereas, execution upon the property of such defendant has been heretofore issued to the sheriff of Multnomah County, Oregon, and by him duly returned to this court wholly unsatisfied:

"Now, therefore, in the name of the State of Oregon, you are commanded and required to arrest the said defendant, A. Lane, and commit him to the jail of the said County of Multnomah until he shall pay the said judgment with interest or be discharged according to law and that you make due return of this writ of execution within 60 days after you receive the same."

This is duly tested, sealed, and signed by the clerk of the court. In addition to the foregoing, the return states as follows:

"That it appears from the record in said case of Ball *v.* Lane that the cause of action therein upon which the said judgment was rendered was and is a cause of arrest prescribed in Section 259, L. O. L.; that it appears from the record in said action that the same was an action for money received by said defendant A. Lane as agent and broker in a fiduciary capacity and by said A. Lane fraudulently misapplied and converted to his own use and that defendant, A. Lane, was guilty of a fraud in incurring the obligation for which the action was brought, and that execution upon the said judgment in said action against the property of said defendant, A. Lane, had been issued directed to the sheriff of Multnomah County, State of Oregon, and by him returned wholly unsatisfied prior to the issuance of the said execution upon which said A. Lane is in my custody."

This return was not in any manner traversed by the petitioner. At the hearing on the return day the petitioner was remanded to custody, and he appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Corliss & Skulason,* with an oral argument by *Mr. Guy C. H. Corliss.*

For respondent there was a brief with an oral argument by *Mr. C. M. White.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is necessary as a preliminary question to determine whether we shall consider the original judgment roll in the case of Ball against Lane alluded to in the statement. The bill of exceptions discloses that the judgment roll was relied upon at the hearing by the sheriff as justification for holding the petitioner, and that that document was considered by the court in making its decision and judgment as being part of the sheriff's return to the writ. It was also stipulated by the parties that, if this court should consider the record in the case of Ball against Lane, resort might be had to a copy of that record in another suit heretofore determined by this court, subject to the reservation of the defendant of the right to object to the consideration of the same on the ground that it is not properly a part of the record in the matter under consideration. At the hearing before this court, the defendant objected, as thus stipulated he might, contending that the validity of the return itself, that document not having been traversed, was the only question for us to determine. Although the circuit court may have considered the judgment roll referred to as a part of the sheriff's return, it does not appear what effect was given to it, nor is it material that we should inquire into that question, for the ultimate matter for us to decide is whether or not upon the face of the return, uncontradicted as it was, the circuit court rendered the proper judgment. The only purpose that could be served by the judgment roll referred to was to prove some controverted allegation in the return; but as we have seen, no traverse was made on anything alleged in the return, and hence there was no need to use the judgment roll as evidence or for any other purpose.

Section 639, L. O. L., says:

"The court or judge before whom the party shall be
brought on such writ shall immediately after the return
thereof proceed to examine into the facts contained in
such return and into the cause of the imprisonment or
restraint of such party whether the same shall have been
upon commitment for any criminal or supposed crim-
inal matter or not."

Section 648, L. O. L., states that:

"The plaintiff in the proceeding on the return of the
writ may by replication verified as in an action contro-
vert any of the material facts set forth in the return or
he may allege therein any fact to show either that his
imprisonment or restraint is unlawful  or  that  he  is
entitled to his discharge, and thereupon the court or judge
shall proceed in a summary way to hear such evidence
as may be produced in support of the imprisonment or
restraint or against the same and to dispose of the party
as the law and justice of the case may require."

2.  Having before us then an unchallenged return, the
only question for us to determine is whether or not it
shows sufficient facts to retain the petitioner in custody.
The rule in Section 218, L. O. L., is that:

"If the action be one in which the defendant might
have been arrested as provided in Section 259 an execu-
tion against the person of the judgment debtor may be
issued to any county within the State after the return
of the execution against his property unsatisfied in whole
or in part as follows:   (1) When it appears from the
record that the cause of action is also a cause of arrest
as prescribed in Section 259 such execution may issue of
course."

Section 259, L. O. L., provides that the defendant may
be arrested in the following cases:

" * * When the defendant has been guilty of a fraud
in contracting the debt or incurring the obligation for
which the action is brought or in concealing or disposing

of the property for the taking, detention or conversion of which the action is brought."

The allegations of the return already quoted are substantially in the words of the statute. In the absence of any attack upon this language, it must be held sufficient for the purposes of this case on the reasoning adopted by this court in *Barton* v. *Saunders,* 16 Or. 51 (16 Pac. 921: 8 Am. St. Rep. 261), where it was held that an affidavit for a writ of arrest was sufficient which alleges only "that the defendant has been guilty of a fraud in contracting the said debt and that defendant has removed and disposed of his property with intent to defraud his creditors." By analogy the reasoning of this decision is sustained by *Crawford* v. *Roberts,* 8 Or. 324. In that case the court had under consideration the attachment law of 1876 (Laws 1876, p. 36), providing that a writ might issue on an affidavit showing that "the defendant is indebted to the plaintiff * * upon a contract express or implied for the direct payment of money. The affidavit was in the very words of the statute. It did not pretend to set out any facts from which the court could draw the conclusion that the obligation in question was one for the direct payment of money, but this court held, in an opinion by Mr. Justice PRIM, that the affidavit was sufficient "without undertaking to set out the probative facts necessary to establish the ultimate fact required by the statute to be shown as a basis of the writ." Measured by such standards, the unchallenged return is sufficient to support the detention of the petitioner. If in fact the cause of action and the cause of arrest were one and the same thing, and it so appeared by the record in the case of Ball against Lane and that Lane was guilty of fraud in incurring the obligations upon which that action was instituted, then it was permissible in the first instance to issue a writ of arrest or an execution against the person when an execution against his property has

been returned unsatisfied.   On account of the state of the pleadings before us, we cannot inquire into the main question argued at the hearing.

The judgment of the court below is affirmed.

AFFIRMED.

MR. JUSTICE EAKIN did not sit in the hearing of this case.