Argued December 5, 1929; affirmed June 17; rehearing denied
September 9, 1930

## WEMME *v.* HURLBURT, SHERIFF

(289 P. 372)

*Thomas Mannix* of Portland for appellant.
*John R. Latourette* of Portland for respondent.

◼ COSHOW, C. J. Parties and witnesses are exempt from arrest while going to, in attendance on, and returning from court. This exemption is not prescribed by statute, but is a part of the common law and is a power inherent in courts for the purpose of preventing delay, hindrance or interference with the orderly administration of justice in the courts: 5 C. J. 465, 467, §§ 141, 143; *Mullen v. Sanborn,* 79 Md. 364 (29 Atl. 522, 47 Am. St. Rep. 421, 25 L. R. A. 721 and extensive note).

◼ In this jurisdiction habeas corpus is not the proper remedy to have one arrested under civil process discharged from such arrest, unless the process is absolutely void: Or. L., § 628, subd. 2, §§ 641, 643, subd. 2; *Ex Parte Foster,* 69 Or. 319 (138 P. 849); *Kelley v. Meyers,* 124 Or. 322, 328 (263 P. 903, 56 A. L. R. 661).

Some courts have held that under certain conditions habeas corpus is a proper remedy: *Edward Thompson's Case,* 122 Mass. 428 (23 Am. Rep. 370). We are not advised in the opinion when and who could apply for the writ of habeas corpus in the state of Massachusetts at the time that opinion was rendered. The party arrested was attending a meeting of a committee of the legislature. The party arrested applied to the court out of which the writ of arrest issued for a discharge.

That opinion reads:

"Or any one arrested in violation of privilege may, like any other person unlawfully imprisoned or restrained of his liberty, be discharged by this court, or by any justice thereof, in the exercise of the general power to issue writs of habeas corpus."

■ It is very evident from this excerpt that the law in Massachusetts, as reflected in the opinion in the Thompson case, covering the issuance of the writ of habeas corpus, is different from the law in this state. Plaintiff in the instant case had adequate and direct remedy by moving to quash the arrest in the court and in the case out of which the warrant of arrest issued. We read again from the opinion in the Thompson case, page 430:

"But it is equally within the power of the court, out of which the process issues, to discharge, on motion, a person arrested by abuse of that process."

5 C. J. 470, §.151, note 95.

■ Plaintiff was attending court on a hearing supplemental to the issuance of the writ of execution on the judgment mentioned above. He was arrested on an execution against his body issued out of the same court and based on the same judgment. Instead of applying to the judge before whom he had just appeared, he sued out the writ of habeas corpus before another judge of the same court. He was not arrested until after he had testified and was leaving the courthouse. His home is in Portland and the proceeding upon which he was required to attend court was in no wise delayed, hindered or interfered with by his arrest. He did not come from a distance and the subpoena requiring him to attend was issued after the judgment had been rendered. He was arrested upon an execution based on a valid judgment rendered by a court having jurisdiction. The execution was valid in form. The assignment of error that he was unlawfully arrested is not well taken: *Sterrett's Case,* 1 Dall. (P. A.) 356 (1 L. Ed. 174) ; *Monroe v. Atkinson,* 125 Mich. 283 (84 N. W. 305, 52 L. R. A. 189) ; *Mullen v. Sanborn,* above.

■ Is the action of Sutherland against Wemme, Walker and Wickey based on contract or on fraud? The complaint in *Sutherland v. Wemme et al.* recited at length and in detail the transactions leading up to the alleged fraud and conduct of said Wickey in the sale of the corporate stock owned by the Alien Property Custodian. In the case of Sutherland, as Alien Property Custodian, against Wickey, Wemme and Walker, this day decided, we held said action to be based on fraud.

Wickey was the agent and attorney for said Howard Sutherland as Alien Property Custodian for the United States of America. Wemme was attorney in fact for his German relatives: Julius Wemme, 20 shares; Paulina Grohman, 20 shares; Hilma Grohman, 6 shares. Said Walker was secretary of the E. Henry Wemme Company elected by directors appointed by the Alien Property Custodian, held, exercised and voted the proxy of said Howard Sutherland at all stockholders' meetings; corresponded and advised with said Sutherland on matters concerning the affairs of the corporation; the disposition of said Sutherland's stock; acted as said Sutherland's representative in all such matters, and had full knowledge of the value of the properties and stock of said corporation. From these allegations it clearly appears that all of said defendants in the case of *Sutherland v. Wickey et al.* betrayed their several trusts. As attorney for the Alien Property Custodian said Wickey was authorized to sell the 46 shares of capital stock in the E. Henry Wemme Company, owned by said Alien Property Custodian. Said Wickey had no authority to buy said stock. Instead of selling said stock at the highest market price, Wickey with the aid of his said codefendants Walker and Wemme converted said 46 shares of stock to his own benefit and use. In order to consummate

that deal both Wickey and said Walker were obliged to deceive their principal, the said Alien Property Custodian, by misrepresenting to him the fair market value of said stock and concealing from him the name of the purchaser of said stock.

Said defendant August Wemme, as the attorney in fact of his German relatives, was authorized to consent to the sale of the property. He had no authority to sell for less than the market value. He agreed with his codefendants, said Walker and Wickey, to the sale of his relatives' shares for a much less amount than the true market value, at the same time exacting from his codefendants a price far in excess of the market value for his own 26 shares. If such transactions do not constitute fraud, it would be hard to find any case of unfair, unconscionable dealings which would constitute fraud. The complaint in the case of *Sutherland v. Wickey et al.* is based on fraud. Even though it were based on contract, plaintiff and his codefendants in the Sutherland case were guilty of fraud in incurring the obligation for which the Sutherland case was brought and prosecuted: 21 R. C. L. 829; *Michoud v. Girod,* 45 U. S. 503 (11 L. Ed. 1176) ; *Wells v. Wood,* 125 Or. 38 (263 P. 54) ; *First Nat. Bank v. Multnomah Lumber & Box Co.,* 125 Or. 598, 633 (268 P. 63) ; *Mozorosky v. Hurlburt,* 106 Or. 274, 284 (198 P. 556, 211 P. 893, 15 A. L. R. 1076).

In the Michoud case, above, we take the following from page 1098 of 11 L. Ed.:

"We concur with the learned judge in the Circuit Court, in setting aside the purchases by which Nicholas Girod and Jean Francois Girod became the possessors of their testator's entire estate. But the morality and policy of the law, as it is administered in courts of equity, induce us to add, that those purchases were

fraudulent and void, and may be declared to be so, without any further inquiry, upon the ground that they were made by the intervention of persons who were nominal buyers of the property for the purpose of conveying it to the executors. Such a transaction carries fraud upon the face of it: *Lord Hardwicke v. Vernon*, 4 Ves., Jun. 411 (14 Ves., Jun. 504; 2 Bro. C. C. 410, note). It matters not, in such a case, whether the sales are made with or without the sanction of judicial authority, or with ministerial exactness. The rule of equity is, in every code of jurisprudence with which we are acquainted, that a purchase by a trustee or agent of the particular property of which he has the sale, or in which he represents another, whether he has an interest in it or not—per interpositam personam —carries fraud on the face of it.''

This court announced the same broad principle in *Wells v. Wood,* above. It is true that in *Wells v. Wood,* our statute was construed and applied, but our statute is an expression of the common law as administered in courts of equity. Plaintiff in the instant case was guilty of the basest fraud in consenting to the sale of his principals' interest for a sum far below its marketable value and at the same time selling the shares owned by himself at a price far in excess of its marketable value: *Thimsen v. Reigard,* 95 Or. 45, 55 (186 P. 559); *Lane v. Word,* 64 Or. 389 (130 P. 741); 23 C. J. 912, § 1119; 26 R. C. L. 1138.

There is apparently some conflict of authorities on the question of whether an action of the nature of the instant case is based on tort. *Aylesbury Merc. Co. v. Fitch,* 22 Okl. 475 (99 P. 1089, 23 L. R. A. (N. S.) 573); *Morgan v. State,* 179 Ind. 300 (101 N. E. 6); *State v. Helms,* 101 Wis. 280 (77 N. W. 194); *Bronson v. Syverson,* 88 Wash. 264 (152 P. 1039, L. R. A. 1916B, 993, Ann. Cas. 1917B, 833); Cooley on Torts (2d Ed.) 109; 15 Cyc.

255; 31 Cyc. 1438; *McDonough v. Williams,* 77 Ark. 261 (92 S. W. 783, 8 L. R. A. (N. S.) 452, 7 Ann. Cas. 276); Pomeroy's Code Re. (5th Ed.) 749, 750, 753, 755, 756; *U. S. v. Behan,* 110 U. S. 338 (4 S. Ct. 81, 28 L. Ed. 168); *Lake Shore & M. S. R. Co. v. Richards,* 152 Ill. 59 (38 N. E. 773, 30 L. R. A. 43, 47); *Keener Quasi-Contracts,* 307; 5 C. J. 443, § 92.

We are bound, however, to follow the Oregon cases hereinbefore cited. We find no error in the record. The judgment is affirmed.

ROSSMAN, J., concurs.

BEAN, J. Reserving the question of jurisdiction, as stated by me in dissenting in the case of *Sutherland v. Wickey,* this day decided, I concur in the foregoing opinion.